WETZSTEIN, Respondent, v. BOSTON & MONTANA CONSOLIDATED COPPER & SILVER MINING CO., Appellant.

(No. 1,658.)

(Submitted March 1, 1901.   Decided March 11, 1901.)

*Injunction—Restraining Order—Appeal—Supersedeas—Stare Decisis—Order to Show Cause—Time for Hearing—Reasonableness—Abuse of Discretion.*

1.  Code of Civil Procedure, Sec. 1722, as amended February 28, 1899, provides that an appeal may be taken from an order granting or dissolving an injunction or refusing to grant or dissolve an injunction. *Held*, that the Supreme Court has no jurisdiction to grant an order of *supersedeas* to stay a temporary restraining order pending the hearing of an order to show cause why an injunction should not be issued, as there is no appeal from a temporary restraining order. (Mr. Justice Pigott dissenting.)
2.  In matters of practice the rule of *stare decisis* does not control, as it is proper to establish a correct and legal practice, if error has been committed in a former opinion of the court, provided it is apparent that no substantial injury will be suffered by litigants by reason of reliance upon the precedent.
3.  Where a temporary restraining order, pending the hearing of an order to show cause why an injunction should not issue, was against a mining company, and suspended the operation of valuable property, it was an abuse of discretion to stay the hearing on the order to show cause six weeks from the issuance of the temporary restraining order, as it was unreasonable to suspend the operation of the mine for so long a period.
4.  It is only in exceptional cases that a restraining order should issue without requiring a bond.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

Action by Adolph Wetzstein against the Boston & Montana Consolidated Copper & Silver Mining Company. Order restraining defendant, and it appeals, and petitions for an order of *supersedeas.* Petition denied.

*Messrs. Forbis & Evans,* for Appellant.

*Messrs. McHatton & Cotter* and *Mr. J. M. Denny,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the Court.

This cause comes now before this Court upon the petition of the defendant for an order of *supersedeas* staying a certain restraining order issued by the district court on February 18, 1901, pending a hearing of an order to show cause, on April 2, 1901, why a temporary injunction may not issue enjoining the defendant from continuing certain work in and about the Comanche lode claim. On the 25th day of February, 1901, the defendant appealed from the order so restraining the defendant pending the hearing on the order to show cause why a temporary injunction should not issue.

Respondent contends that this Court has no jurisdiction to grant the petition, for the reason that there is no appeal to this Court from a restraining order. We are of the opinion that respondent is right in the position he takes. Section 873 of the Code of Civil Procedure very clearly makes a distinction between an injunction and a restraining order. A restraining order is distinguishable from an injunction, in that a restraining order is intended only as a restraint upon the defendant until the propriety of the granting of an injunction, temporary or perpetual, can be determined, and it does no more than restrain the proceedings until such determination. Such an order is limited in its operation, and extends only to such reasonable time as may be necessary to have a hearing on an order to show cause why an injunction should not issue. (10 Enc. Pl. &

Prac. 878; *College Corner, etc., Road Co.* v. *Moss,* 77 Ind. 139; *Hicks* v. *Michael,* 15 Cal. 107; *San Diego Water Co.* v. *Pacific Coast S. S. Co.,* 101 Cal. 216, 35 Pac. 651; *Fenwick Hall Co.* v. *Town of Old Saybrook* (C. C.) 66 Fed. 389; *Strickland* v. *Griffin,* 70 Ga. 541.)

It is the plain duty of a court to set the order to show cause at a very early day, and, upon the application of the defendant, to shorten the time, to the end that, if the facts on the hearing warrant it, the restraining order may be discharged. In such a case, appeal from a restraining order is not possible or contemplated, for the reason that on the hearing, or soon thereafter, the court, in the discharge of its duty, will grant or refuse an injunction, and in either event the restraining order is dead. The law presumes that a judge will be fair and just, and will not put off the hearing of the order to show cause until a day so distant that by the force of his own despotic will a mere temporary expedient, to-wit, a restraining order, granted *ex parte* and without bond, perhaps, will become an injunction. A judge might, over the objection of the plaintiff, set a demurrer to a complaint for hearing at a time one year ahead. This might work great injury to the plaintiff, but the remedy of the injured plaintiff could not be by appeal from the order so setting the hearer on demurrer. We are aware that in *Bennett Bros. Co.* v. *Congdon,* 20 Mont. 208, 50 Pac. 556, the court decided that a restraining order was an order from which an appeal might be taken, and that in *Butte & Boston Consol. Mining Co.* v. *Montana Ore Purchasing Co.,* 24 Mont. 125, 60 Pac. 1039, the court considered such an appeal; but the point in the latter case, considered on appeal, was simply whether or not the complaint was properly verified. The rule of *stare decisis* does not here control, as it is not unusual, but proper, in matters of practice, to establish a correct and legal practice, if an error has been committed ill-advisedly in a former opinion of this court, provided that it is apparent that no substantial injury will be suffered by litigants by reason of reliance upon the precedent. The Court does not in *Bennett*

*Bros. Co.* v. *Congdon, supra,* give any authority for its holding. It does not appear in that case that it acted upon anything more urgent than a suggestion of counsel, or that there was an argument upon, or serious consideration of the point; and, further, it appears from an examination of the case that the "temporary restraining order" was in fact an injunction *pendente lite,* and not a mere restraining order pending a hearing upon an order to show cause why an injunction *pendente lite* should not issue as in the case at bar.

This Court does not deem it improper to say that in reviewing this case it notices an abuse of the power of the court below in setting the order to show cause over so long a period of time. In the exercise of its extraordinary powers in cases, such as the one at bar, involving important interests and mining operations, which may suffer from interruption and delay, the court should grant a hearing at as early a date as practicable, and it is difficult to believe that such an order could not be heard within a reasonable time less than six weeks. To set an order to show cause why a temporary injunction should not issue for hearing on so distant a day, and granting a restraining order meanwhile, in a case like the one before us, indicates a want of deliberate consideration of the defendant's rights. Days being 24 hours long, certainly a court, which is ordinarily occupied in trial of causes on the regular calendar only 5 hours in actual time per day, can find a few hours in which to grant a hearing on an order to show cause why important business concerns should not be suspended pending a suit which may last for a long time. To add to the danger of so long a postponement of the hearing, we notice that the restraining order was issued without a bond. We are not to be understood as saying that a bond should or should not have been required in case the restraining order had been set in operation for a short time only, but we do say that cases are exceptional where it would not be advisable to require a bond.

Section 1722 of the Code of Civil Procedure, as amended February 28, 1899 (Laws of 1899, page 146), provides for

appeal from an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction, but does not provide for appeal from an order granting or refusing a restraining order; and holding, as we do, that there is a distinction made in Section 873 of the Code of Civil Procedure between an injunction and a restraining order, we have concluded that there is no appeal from an order granting or refusing a restraining order pending the hearing of an order to show cause why an injunction should not issue.

It is not necessary, in view of the opinion expressed, to consider the point of the alleged want of proper verification to the complaint in the cause, and the further point that no bond was required.

The petition for an order of *supersedeas* is denied.

*Denied.*

MR. CHIEF JUSTICE BRANTLY: I concur.

MR. JUSTICE PIGOTT: I dissent. I am of the opinion that a restraining order is a species of injunction order, and is an order from which an appeal lies by virtue of Section 1722 of the Code of Civil Procedure as amended in 1899. I concur, however, in the remarks of the majority of the Court touching the duty of district courts in the matter of restraining and injunction orders.