McKELVY ET AL., RESPONDENTS, *v.* BROADWATER ET AL., APPELLANTS.

(No. 6,568.)

(Submitted February 15, 1930. Decided March 3, 1930.)

[285 Pac. 190.]

*Mr. A. F. Lamey,* for Appellants, submitted a brief and argued the cause orally.

*Mr. E. V. Ahern,* for Respondent M. E. Holmes, and *Mr. Victor R. Griggs,* for Respondent W. C. McKelvy, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Defendant Broadwater brought an action against the city treasurer of Havre and McKelvy to enjoin the treasurer from paying to McKelvy, and McKelvy from receiving, an increase in the mayor's salary which had been authorized by a recently

enacted ordinance, the validity of which Broadwater challenged. McKelvy was then mayor of the city. Upon filing the complaint Broadwater asked for the issuance of an order to show cause looking for the issuance of an injunction *pendente lite*, and a restraining order meantime. The order was issued, the court requiring a bond in the sum of $500. This was given, signed by Broadwater, Gussenhoven and Valadon. The bond recites that whereas the plaintiff is about to apply for an injunction and restraining order in the action against the defendants, enjoining and restraining them, and each of them, from the commission of the acts set forth and described in the complaint, the undersigned, in consideration of the premises and "of the issuance of the said injunction and restraining order, do jointly and severally undertake in the sum of $500 and promise to the effect, that in case said injunction shall issue, the said plaintiff will pay to the said parties enjoined, such damages, not exceeding the said sum of $500, as such parties may sustain by reason of the said injunction, if said district court shall finally decide that the plaintiff was not entitled thereto." A motion to dissolve the restraining order failed. After trial of the case upon the merits, the court entered judgment for Broadwater, making the injunction permanent. On appeal to this court the judgment was reversed. (*Broadwater* v. *Kendig,* 80 Mont. 515, 261 Pac. 264.) In the opinion the facts in that case are set forth more at length.

Judgment for defendants having been entered agreeably to this court's direction, the city treasurer and McKelvy as plaintiffs brought this suit against Broadwater and his bondsmen as defendants for the full amount of the injunction bond. Issue having been made up, the parties agreed upon a statement of facts, from which it appears, *inter alia,* that from the beginning of the original action the city treasurer and McKelvy were represented by Victor R. Griggs, Esq., who at all times was the city attorney of Havre, enjoying a regular salary as such; that after the judgment had been rendered in favor

of Broadwater, W. T. Pigott, Esq., became associated as attorney for the defendants, and the case was carried to this court, Messrs. Griggs and Pigott appearing for the appellants; that the city of Havre paid Mr. Pigott $250 for his services in behalf of the city treasurer, and that the sum of $83.30 was expended by the defendants in that suit, as court costs in the action; that after being served with summons and the temporary restraining order in the action, McKelvy personally employed Mr. Griggs as his attorney in the action, and for his services in the district and supreme courts paid him the sum of $500. The court found in favor of plaintiffs and fixed their damages at the sum of $500, apportioned as follows: $83.30 costs and disbursements in favor of the treasurer, $250 attorney's fees in favor of the treasurer, and $166.70 attorney's fees in favor of McKelvy. From this judgment the defendants have appealed.

Appellants state the proposition upon which they rely for reversal, and it covers the points presented in the two specifications of error, as follows: "There is but one main question involved in this appeal, namely, can fees and expenses expended in an appeal from a final judgment granting a permanent injunction, be recovered in a suit on a bond given in connection with a restraining order, no appeal having been taken from the order denying the motion to dissolve the restraining order?"

The action of *Broadwater* v. *Kendig et al.* was for an injunction only. No other relief was asked. The relief sought was granted by the district court, denied by the supreme court to which an appeal was necessary to bring about a dissolution of the injunction.

Upon the facts presented we regard the question settled by former decisions of this court. In the well-considered opinion of Mr. Justice Holloway in *McDermott* v. *American Bonding Co.*, 56 Mont. 1, 179 Pac. 828, 829, it is said: "If the injunction was the only relief sought in the original action, the attorney's fees paid, or contracted to be paid, are recoverable,

and it is immaterial whether the injunction was dissolved upon motion or upon a final determination of the case on the merits. (*Miles* v. *Edwards*, 6 Mont. 180, 9 Pac. 814; *Creek* v. *McManus*, 13 Mont. 152, 32 Pac. 675.)'' (And see *Bunston* v. *Labbitt*, 84 Mont. 585, 277 Pac. 419.) In accord are *Littleton* v. *Burgess*, 16 Wyo. 58, 16 L. R. A. (n. s.) 49, 91 Pac. 832; *Pelkey* v. *National Surety Co.*, 143 Minn. 176, 173 N. W. 435; *Esselstyn* v. *United States Gold Corp.*, 69 Colo. 547, 196 Pac. 183.

A temporary restraining order is an injunction. (*Labbitt* v. *Bunston*, 80 Mont. 293, 260 Pac. 727.)

Court costs were damages within the purview of the bond. (*Foster* v. *Royal Indemnity Co.*, 83 Mont. 170, 271 Pac. 609.)

Having disposed of the sole question presented by the specifications of error, it is ordered that the judgment be, and it is, affirmed.

ASSOCIATE JUSTICES MATTHEWS, GALEN, FORD and ANGSTMAN concur.