STATE ex Rel. COOK, Relator, *v.* DISTRICT COURT et al., Respondents.

(No. 7,699.)

(Submitted June 4, 1937.   Decided June 16, 1937.)

[69 Pac. (2d) 746.]

*Mr. S. C. Ford, Mr. Sam D. Goza, Jr.,* and *Mr. J. D. Fitz-stephens,* for Relator, submitted a brief; *Mr. Ford* argued the cause orally.

*Mr. E. J. McCabe* and *Mr. S. J. Rigney,* for Respondents, submitted an original and a reply brief; *Mr. McCabe* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This court on application of relator issued a writ of certiorari to review the action of respondent court in adjudging relator in contempt of court. The judgment of contempt resulted from the following proceedings:

M. D. Rigney on October 10, 1932, filed a complaint in the district court of Glacier county against J. W. Cook, seeking restoration to possession of certain described real property situated in Cut Bank and used as a restaurant. Plaintiff in that action asked for an injunction *pendente lite.* Without notice or hearing, and on October 11, 1932, the court ordered that until the further order of the court, and during the pendency of this action, "J. W. Cook, and all your counsellors, attorneys, agents, servants, employees, and all other persons acting in aid or assistance of you, and each of you, do absolutely desist and refrain from in any manner interfering with or obstructing or attempting to interfere with or obstruct the plaintiff, M. D. Rigney, her lessees, agents, or employees, the quiet and peaceful occupancy and use of the property and premises" particularly described. It further ordered that plaintiff have peaceable entrance to and the quiet and peaceful use and occupancy of the premises pending the further order of the court. The injunction order was served on J. W. Cook on October 11, 1932. The action is still pending and has never been tried.

On January 20, 1937, M. D. Rigney, through her counsel, made application to the court for an order requiring J. W. Cook to show cause why he should not be adjudged in contempt of court for violating the terms of the injunction order. The order to show cause was granted, and, after hearing held, J. W. Cook was adjudged in contempt of court and judgment of contempt pronounced against him. This proceeding followed.

The first point pressed upon us in the application before us is that the injunction order is void for want of jurisdiction, because the complaint upon which it was issued was insufficient. If the complaint were held to be insufficient, it would not render the injunction order void for want of jurisdiction. (*State ex rel. Delmoe* v. *District Court,* 100 Mont. 131, 46 Pac. (2d) 39.) It was issued in a cause over which the court had jurisdiction, and, if error was committed in that respect, it was error within jurisdiction. In other words, the court had the power to decide the question "wrong as well as right." (*State ex rel. Coad* v. *District Court,* 23 Mont. 171, 57 Pac. 1095, 1097.) As a temporary restraining order the court had jurisdiction to grant it, even though we were to say that the complaint was insufficient.

The more important question, and one going to the jurisdiction of the court, is whether the restraining order had validity for a period of nearly five years as an injunction *pendente lite*. We think it did not.

Under the laws of Montana we have three classes of injunctions: A temporary restraining order, an injunction *pendente lite,* and a permanent injunction. A "temporary restraining order" is one designed to maintain conditions *in statu quo* until a hearing can be had on notice to determine whether an injunction *pendente lite* should be issued. (*Wetzstein* v. *Boston & Montana C. C. & S. M. Co.,* 25 Mont. 135, 63 Pac. 1043; *Labbitt* v. *Bunston,* 80 Mont. 293, 260 Pac. 727, 730.) The "injunction *pendente lite*" affords restraint during the pendency of the action and until final determination of the cause. A "temporary restraining order" may be granted without notice, but "in no case shall an injunction order or restraining order be issued without notice, unless it appears to the court or judge that irreparable injury would result by the delay of giving notice." (Sec. 9245, Rev. Codes.)

When a temporary restraining order is issued there can be no possibility of injury during the time required to give notice for an injunction *pendente lite*. It is the duty of the court upon granting a temporary restraining order without no-

tice, to set the matter for hearing for an injunction *pendente lite* at a very early date, to the end that "a temporary expedient may not, in fact, become an injunction." (*Labbitt* v. *Bunston,* supra.) And six weeks has been held an unreasonable time to restrain without notice and a hearing. (*Wetzstein* v. *Boston & Montana C. C. & S. M. Co.,* supra.)

Hence, while the court had jurisdiction to grant the restraining order to preserve conditions *in statu quo* for a reasonable time until a hearing could be had on notice for an injunction *pendente lite,* it had no jurisdiction without notice to attempt to make an order *pendente lite.* In *Labbitt* v. *Bunston,* supra, this court quoted with approval from the case of *State ex rel. Miller* v. *Lichtenberg,* 4 Wash. 407, 30 Pac. 716, as follows: "The court gets no jurisdiction in the matter for the purpose of interfering with the rights of either party until the giving of notice as required by statute."

The court was without jurisdiction in the absence of notice to restrain *pendente lite,* where, as here, the rights of the parties, as shown by the record, depended upon disputed title and ownership of the property. We do not mean to hold that there can never be an injunction *pendente lite* without notice, but only that where, as in this case, there is interference with the alleged rights of one of the parties based upon asserted ownership of property, notice is prerequisite.

Hence, treating the order as a temporary restraining order, it was effective to preserve the *status quo* for a reasonable time necessary to enable notice to be given for a hearing as to whether it should be effective *pendente lite,* but it could not be effective *pendente lite* without notice or hearing. After the lapse of a reasonable time the restraining order had spent its force, the same as if an order to show cause had issued and neither party appeared at the time fixed for hearing. (Compare *Ex parte Grimes,* 20 Okl. 446, 94 Pac. 668.) To the extent that the order attempted to restrain beyond a reasonable time it was void for want of jurisdiction. The alleged contempt was committed, if at all, nearly five years after the injunction

was issued and long after its efficacy as a restraining order had ceased.

Moreover, were we to say that the court had jurisdiction to ██ make the injunction order we would not sustain the judgment of contempt, and thus to that extent encourage inordinate delay in judicial proceedings by giving vitality to an order entered in a case at the instance of plaintiff, which case should have been dismissed long before the alleged contempt, on the court's own motion for want of prosecution.

The judgment of contempt is accordingly annulled.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

Rehearing denied July 1, 1937.