STATE ex rel. McKENZIE, Relator, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 8,136.)

(Submitted September 23, 1940.   Decided December 3, 1940.)

[107 Pac. (2d) 885.]

*Mr. James T. Shea,* for Relator, submitted a brief, and argued the cause orally.

*Mr. Otis A. Hallett,* for Respondents, submitted a brief.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This is an application for a writ of review or other appropriate writ to set aside certain injunction orders.

The pertinent facts giving rise to the allegedly void orders are as follows: On November 8, 1939, one Louise McKenzie as plaintiff commenced an action in the district court of Sheridan county against Clifton K. McKenzie, defendant, formerly her husband, relator here and referred to as such. In that action she sought to set aside and cancel a deed of record to certain real property which she had executed and delivered to relator during the marriage of the parties. No injunctive relief was asked for in the complaint, and the action apparently is still pending on defendant's motion to strike certain matters from the complaint. The property covered by the deed in question consists of a dwelling house which at the commencement of plaintiff's action was under a month to month tenancy to one Eamon. Each of the McKenzies made separate demands of Eamon in their individual behalves that he pay the rent to one and not the other, and vice versa. Eamon having failed to comply with relator's demands, on April 8, 1940, was served by relator with a notice of a change in the terms of his lease. Thereafter, on April 17, 1940, plaintiff swore to an affidavit for injunctive relief in an effort to restrain relator from interfering with her possession of the property, or the tenancy of Eamon during the pendency of the action on the deed. She also asked that the

court order Eamon to pay rent due and to become due to the clerk of the court pending the outcome of the action.

The judge of the district court signed an order to show cause and temporary restraining order on April 22, 1940, based apparently on the motion and affidavit of plaintiff. These orders were served on relator, but no copy of the affidavit on which such orders were based was served on him prior to the day set for hearing of the show cause order, nor prior to the subsequent signing of an injunction *pendente lite*. Relator made no appearance at the hearing but subsequently filed a brief covering the issues and his motion for dismissal of the injunction proceedings and dissolution of the temporary restraining order.

The question to be determined is whether the district court had jurisdiction to issue the injunction *pendente lite* in the face of a record before it failing to disclose that the affidavit on which the restraining order and order to show cause were based had been served on relator.

Injunction proceedings are prescribed and regulated by Chapter 43 of the Revised Codes. Section 9244 provides:

"The injunction order may be granted at the time of issuing the summons upon the complaint, or at any time afterward, before judgment, upon affidavits. In the one case, the complaint, with or without affidavits to support it, and, in the other, the affidavits shall show satisfactorily that sufficient grounds exist therefor. An injunction order shall not be granted on the complaint alone, unless:

"1. It be duly verified;

"2. The material allegations of the complaint, setting forth the grounds therefor, be made positively and not upon information and belief.

"When granted on the complaint, a copy thereof, including the verification, shall be served with the injunction order; when granted upon the complaint, with affidavits to support it, or upon affidavits alone, *a copy of the affidavits likewise shall be served with the injunction order.* Any person qualified to serve a summons may serve the order and affidavits."

In the instant cause, the injunctive redress was instituted on ██ affidavit after complaint filed, and not upon the complaint alone. The above quoted section specifically provides that when the injunction order is granted upon affidavits "a copy of the affidavits likewise shall be served with the injunction order." It is our view that such a requirement is a mandatory one, and the failure to serve the affidavit with the temporary restraining order constituted a jurisdictional defect fatal to the subsequent issuance of the injunction *pendente lite*.

Section 9245, Revised Codes, provides for the issuance of injunction orders without notice to the party sought to be restrained. Granting that in certain instances where the delay of giving notice might cause irreparable injury this may be done, still we see no dispensing, even in such instance, with the statutory necessity of serving a copy of the affidavit with the order of restraint.

Here, the matter of issuing an injunction *pendente lite* was on notice and order to show cause, but the temporary restraining order effective during the interim between the return day of the hearing and until the subsequent order of the court was without notice. Sections 9244 and 9245 must be construed and applied together, as the requirements of each form an integral part of the entire procedure contemplated in the matter of obtaining injunctive relief.

The terms of the statute are clear and unmistakable in their import, section 9244, supra, specifying particularly that a copy of the affidavit be served with the injunction order. A temporary restraining order being a species of injunction (*Labbitt* v. *Bunston*, 80 Mont. 293, 260 Pac. 727; *McKelvy* v. *Broadwater*, 87 Mont. 103, 285 Pac. 190) must, therefore, be accompanied by the affidavit upon which such order is predicated.

From our study of the affidavit lodged with the district court in support of the request for a temporary restraining order and injunction *pendente lite*, we think there were sufficient grounds positively set forth to have moved the court's discretion in the issuance of the temporary restraining order in the first instance without notice to relator,—that is, conceivably irreparable

injury might have resulted from the delay in giving notice. The ▮ fact that the court permitted an amendment of the affidavit to make all statements therein positive rather than on information and belief we consider immaterial. The amendment related back to the time the court's discretion was moved by the affidavit originally before it. The amendment was filed May 31, as was the motion to dissolve the injunction proceedings. Such circumstances alone provided no ground for dismissal of the proceedings, but rather, as stated in *Claussen* v. *Chapin,* 69 Mont. 205, 221 Pac. 1073, 1075, where the injunction order was based on the complaint, ''the amendments, when made, related back to the commencement of the action (*Clark* v. *Oregon Short Line R. R. Co.,* 38 Mont. 177, 99 Pac. 298; 25 Cyc. 1305) ; so that, when the court came to consider the motion to dissolve, it had before it a complaint duly verified as required by section 9244, and the fact that the complaint as originally drawn did not have the proper verification afforded no ground whatever for the order dissolving the injunction.''

However, on the return day set for determination of the question whether an injunction *pendente lite* should issue, the court was confronted with a record showing on its face that no affidavit had been served on relator with the temporary restraining order or at any time thereafter prior to the date of the hearing. Relator took the position that the service was invalid, thereby leaving the court without jurisdiction to proceed further. He made no appearance at the hearing but subsequently, as hereinbefore mentioned, submitted his motion for dismissal of the proceedings and dissolution of the temporary restraining order. From what we have said, his motion should have been granted. (Compare *Green* v. *Superior Court of Los Angeles County,* 65 Cal. App. 237, 223 Pac. 582.) Certainly in the face of such a record, the court should not have issued an injunction *pendente lite* as was done here.

Section 9245, Revised Codes, provides in part that ''the court or judge may enjoin the defendant, *until the hearing and decision of the application,* by an order which is called a restraining

order." The hearing and decision having occurred, the temporary restraining order became *functus officio.*

The respondents do not contend before this court that the restraining order is still in effect, their position being that the injunction *pendente lite* has supplanted the restraining order, and that the relator is restrained, not by virtue of the temporary restraining order, but by virtue of the injunction *pendente lite.*

In their brief respondents state: "No restraining order now in existence and the application to vacate the restraining order now a moot question." In support of this statement respondents cite *Wetzstein* v. *Boston & Montana C. C. & S. M. Co.,* 25 Mont. 135, 63 Pac. 1043, 1044, and quote this language from that decision: "A restraining order * * * is limited in its operation, and extends only to such reasonable time as may be necessary to have a hearing on an order to show cause why an injunction should not issue." The brief goes on to say: "Accordingly, no grounds are set forth in the application for the alternative writ, and it is our contention that no authority exists in this court to set aside or vacate an order no longer in existence."

Many courts in other jurisdictions have passed upon the question of the termination of the temporary restraining order in a situation like this. Typical of these cases is *Robinson* v. *Theis,* (Tex. Civ. App.) 252 S. W. 249, 251. The temporary restraining order in that case restrained defendants from doing certain things "until further order of this court." In holding that the restraining order was in effect only until the return date of the order to show cause that court said: "The restraining order was provisional in its nature, and obviously was made only to prevent the threatened acts until the hearing, set for April 4th, at which time the court intended to ascertain from evidence whether the temporary injunction prayed for should be granted or denied. Such being the court's intention, the restraining order will be construed and given effect in consonance with that intention, and by that construction it was rendered effective until the date named, but no longer; and by its own terms, as so construed, it expired on April 4th." That language is ap-

plicable to the present case: the temporary restraining order was intended to be effective only until the hearing and decision. Even though the injunction *pendente lite,* to-wit, the further order of the court, is void for the purpose of enjoining action by the relator, so far as the court's intention with relation to the temporary restraining order is concerned, the making of the order expressed the intention of the court to vacate it. Other cases on this point are: *Mueller* v. *Brotz,* 169 Wis. 526, 173 N. W. 219; *Jacksonville Independent School District* v. *Devereux,* (Tex. Civ. App.) 286 S. W. 573; *Johnson* v. *Sunset Stores,* (Tex. Civ. App.) 27 S. W. (2d) 644.

This court in *State ex rel. Cook* v. *District Court,* 105 Mont. ██ 72, 69 Pac. (2d) 746, 747, has adopted the general view as stated in the preceding cases, the court saying: "A 'temporary restraining order' is one designed to maintain conditions *in statu quo* until a hearing can be had on notice to determine whether an injunction *pendente lite* should be issued." The court goes on to say that upon the issuance of a temporary restraining order without notice, the court should set the time for hearing of the application for the injunction *pendente lite* at an early date. "Hence, treating the order as a temporary restraining order, it was effective to preserve the *status quo* for a reasonable time necessary to enable notice to be given for a hearing as to whether it should be effective *pendente lite,* but it could not be effective *pendente lite* without notice or hearing." The difference between the *Cook Case* and the present one is that there no hearing date was set and after the lapse of some time this court dissolved the temporary restraining order. Here the hearing was held and a void order enjoining the relator *pendente lite* was granted. Unlike the *Cook Case,* the lower court here did not purport to continue the effectiveness of the temporary restraining order. The temporary restraining order is auxiliary to the order to show cause. It is issued only to maintain the conditions as they are until hearing and decision on the order to show cause. The order to show cause became *functus officio* upon the return date and cannot now be revived. No hearing could now be held based on that order

heretofore issued. It cannot be effective for any purpose. How, then, can it support the temporary restraining order? This it cannot do.

It follows that respondents should proceed no further in the premises, other than to order the dissolution of the restraining order and the order of injunction *pendente lite*. It is so ordered and that the writ applied for herewith issue.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS and ARNOLD concur.

MR. JUSTICE ANGSTMAN, Concurring in Part and Dissenting in Part:

I concur in the foregoing opinion so far as it holds that the injunction order *pendente lite* is invalid. I do not agree with the conclusion that the temporary restraining order should be ordered dissolved, nor do I agree that it has spent its force under the facts here involved. My associates hold, and with that I agree, that the temporary restraining order was properly issued. Why then should it be dissolved?

The only ground set forth in the motion of relator is that it was issued in excess of the jurisdiction of the court. This ground, my associates hold, and I think properly, is not well taken. The only purpose of serving the affidavit with the order to show cause is to confer jurisdiction upon the court to hold a hearing and make a decision whether an injunction *pendente lite* should be issued. Since that was not done here, the order *pendente lite* was void.

In my opinion, the mere making of the order *pendente lite* without jurisdiction has no effect upon the temporary restraining order made within jurisdiction. The purpose of the temporary restraining order is to preserve the *status quo* until a hearing can be had and a decision made as to whether an injunction *pendente lite* should be issued. The purpose of the statute is frustrated by the holding of my associates. The order *pendente lite* in question here was void. "Where there is no jurisdiction, there can be no legal right to hear and determine." (*State ex*

*rel. Snell* v. *Third Judicial District,* 36 Utah, 267, 103 Pac. 261, 264.) Where judicial tribunals have no jurisdiction over one of the parties, their orders are void. This my associates agree is the rule. A void order is one "of no legal force or effect * * * having no legal force." (*Forrester & Mac-Ginniss* v. *Boston etc. M. Co.,* 29 Mont. 397, 74 Pac. 1088, 1091.)

Our statute gives vitality to a restraining order "until the hearing and decision of the application." (Sec. 9245, Rev. Codes.) There has been no valid hearing as yet, and hence the restraining order is still in effect. While a temporary restraining order may not be used to serve the purpose of a permanent injunction (*State ex rel. Cook* v. *District Court,* 105 Mont. 72, 69 Pac. (2d) 746), that is not its effect here. There is here no question of laches on the part of the applicant for the restraining order in bringing the matter on for hearing, as was the case in the *Cook Case,* supra.

My associates rely upon the expressed intention of the court in the order *pendente lite* to vacate the temporary restraining order. That, however, was done under the belief by the court that it was making a valid order *pendente lite* operating as a restraint, so that the temporary restraining order was no longer needed as a restraint. When the order *pendente lite* falls for want of jurisdiction, for want of a hearing and decision, then the temporary restraining order must be resorted to to gauge the rights of the parties. The situation is akin to that when a valid statute is attempted to be superseded by an unconstitutional one. In such case the first statute is unaffected by the unconstitutional attempt to change it. (Compare *Norton* v. *Shelby County,* 118 U. S. 425, 6 Sup. Ct. 1121, 30 L. Ed. 178.)

The Texas cases relied upon by my associates, holding that the restraining order loses vitality upon the day it is set for hearing, cannot apply under our statute (sec. 9245), which authorizes the restraining order until "hearing and decision."

I see no justification for ordering dissolution of the temporary restraining order or for holding that it was in any way affected by the order *pendente lite,* which was void for want of jurisdiction. What the court should do now is to fix a different time

for the hearing and require service of the affidavits with the order fixing the time, and allow the temporary restraining order to stand until the matter is properly heard and a valid decision is rendered on the issue of whether an injunction *pendente lite* should issue.