THE STATE OF MONTANA, on the relation of CLINTON H. MARTIN, Relator, v. THE DISTRICT COURT of the Twelfth Judicial District of the STATE OF MONTANA, in and for the COUNTY OF HILL and PAUL G. HATFIELD, the Presiding Judge thereof, Respondents.

No. 11411.
Submitted March 6, 1968. Decided March 18, 1968.
Rehearing Denied April 1, 1968.
438 P.2d 563.

42

Morrison & Ettien, J. Chan Ettien, argued Havre, for appellant.

Burns & Thomas, Harry L. Burns, argued Chinook, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion of the Court. ·

This is an original proceeding wherein relator sought a writ of review. An order to show cause was issued and the matter is now before the court in response thereto. The order to show cause directed the presiding judge to set aside an order of contempt entered against the relator or show cause why it should not be done.

The order of contempt issued by the district court arose out of an action for an injunction brought against the relator in the district court of Blaine County. It was alleged in that action, Case No. 6614, Matheson Ditch Company, a corporation, et al. v. Martin, that the plaintiffs were being denied access to certain ditches and headgates by the relator. The district court granted a temporary restraining order and a hearing was held on an order to show cause on April 11, 1967. On June 12, 1967, an affidavit was filed but not served on the relator alleging the violation of the temporary restraining order. On June 22, 1967, an injunction *pendente lite* was issued

restricting relator from interfering with the water rights of the plaintiff for the duration of the 1967 irrigation season. On June 29, 1967, an affidavit was filed alleging relator's violation of the injunction. This was properly served and a hearing was held on the matter on October 6, 1967. After taking the matter under advisement the court issued its contempt order against the relator. Relator then brought this proceeding seeking a writ of review.

On review of contempt proceedings, the Supreme Court determines only whether or not the district court acted within jurisdiction, and whether or not the evidence supports the finding and order. State ex rel. Murphy v. Second Judicial District Court, 99 Mont. 209, 41 P.2d 1113.

Relator first contends that he cannot be guilty of contempt because the injunction was void. State ex rel. O'Grady v. District Court, 61 Mont. 346, 349, 202 P. 575. It is contended that the injunction of June 22 was void because the affidavit of June 12 was not served on relator. State ex rel. McKenzie v. District Court, 111 Mont. 241, 107 P.2d 885. This position assumes that the injunction was issued under R.C.M. 1947. § 93-4205, on affidavits. This is not the case. The injunction was issued as a result of the hearing on the order to show cause and not on affidavits. Consequently the failure to serve the affidavit does not affect the validity of the injunction and it was not void.

Relator asserts that the injunction was based on the affidavit of June 12, for, he contends, the complaint restricts its claim for relief to a short period of time and the injunction was granted for the entire 1967 irrigation season. However, the injunction order does not mention the affidavit as a consideration, and we find the injunction was granted on the basis of the hearing.

Relator complains that there was a variance between the pleadings and the injunction issued, and that the trial court exceeded its jurisdiction when it granted relief outside

that tendered by the issues raised in the pleadings. Chapman v. Chapman, 137 Mont. 544, 548, 354 P.2d 184. It is contended that the complaint in one paragraph says that water could be diverted only during early spring high water run-off and within two weeks there will be no water subject to diversion. The injunction then refers to the entire irrigation season. This is claimed to be a fatal variance. We cannot agree. The complaint read as a whole raises the issue of relief for the entire irrigation season and it prays for permanent relief. The injunction granted was within the issues raised.

Relator's final claim for relief is that he did not have notice of the specific acts which were the basis of the contempt. This is assuming that the contempt was found in the acts alleged in the June 12 affidavit. However, the June 29 affidavit alleged specific acts constituting a contempt and at the hearing the allegations of locking the gate on June 26 were proved beyond a reasonable doubt. The relator had notice of the specific acts of contempt.

While what we have said hereinbefore will dispose of the matter, we feel impelled to mention one other thing as a preface to our holding. Much emphasis was laid by counsel for relator on an alleged criminal act in the placement of infectious manure in a moving stream contrary to state law. However, it appears that the statute alleged to have been violated was passed by the 1967 Legislature and did not become effective until July 1st following the event in question.

For the foregoing reasons we find the order to show cause was improvidently issued and is therefore quashed; the writ of review is denied and the cause dismissed.

MR. JUSTICES ADAIR, CASTLES and JOHN CONWAY HARRISON, concur.

MR. JUSTICE FRANK I. HASWELL, took no part in this cause.