No. 13507

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

JOHN BOYER and LAURA LU BOYER,

Plaintiffs and Respondents,

-vs-

ANTHONY L. KARAGACIN,

Defendant and Appellant.

---

Appeal from: District Court of the Third Judicial District,
Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

For Appellant:

Robb and Botsford, Missoula, Montana
Archie J. Robb argued, Missoula, Montana
McCaffery and Peterson, Butte, Montana

For Respondents:

Knight, Dahood, MacKay and McLean, Anaconda, Montana
Conde MacKay argued and Bernard J. Everett argued,
Anaconda, Montana

---

Submitted: June 15, 1978

Decided: JUL 10 1978

Filed: JUL 10 1978

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal is from the issuance of a temporary restraining order and the denial of a motion to quash by the Honorable Arnold Olsen, District Court, Silver Bow County.

Courts become involved in all types of fights--dog fights, fence fights, church fights, school fights and street fights. This case arose because defendant parked his car in such a manner as to cut off traffic going into a drive-in. It can be classed as a street fight.

By the time it reached this Court nearly four years had passed since the plaintiffs filed this cause seeking a permanent injunction preventing defendant from parking his car in such manner as to block proper ingress to plaintiffs' place of business; for damages for loss of business; and, for exemplary damages for the alleged malicious character of defendant's actions. The action was filed September 14, 1974. A temporary restraining order was issued by the Honorable Robert J. Boyd. Thereafter, Judge Boyd disqualified himself and between September 25, 1974 and October 1975, four additional judges were disqualified. Also, new counsel for defendant came into the case. Hearings were set on motions but it was not until May 3, 1976 that Judge Olsen heard defendant's motion to quash.

Plaintiffs operate a drive-in restaurant in the 1100 block of East Park Avenue in Anaconda, Montana. Defendant owns a triangular shaped piece of property on the Northeast corner of the 1000 block of East Park Avenue. East Park is a one-way street, running in an easterly direction, and is classified and regulated as a state highway. Lying between the properties of the respective parties and intersecting East Park is a short, oil covered gravel drive, known as Jefferson Street.



Plaintiffs allege that beginning in 1974 defendant parked his vehicle at the Southwest corner of Park and Jefferson (see diagram) in such a manner as to prevent tourists and others not familiar with the location of plaintiffs' business from seeing plaintiffs' business, and from making proper entry into the business. It is alleged that such parking was done maliciously, to vex and harass plaintiffs.

Defendant contends he was legally parked in front of his own property, within the parking boundaries established by the Montana Department of Highways and, as such, cannot be considered a "nuisance". Defendant testified he parked his vehicle in that location for years without complaint from plaintiffs' predecessor in title. Defendant further testified that others parked in the location as well.

In July 1974 defendant was issued a ticked for illegal parking by the Anaconda City Police because he parked in the disputed area. The ticket was subsequently dismissed by the city judge. At the May 3, 1976, hearing on the motion to quash, defendant attempted to introduce evidence concerning the issuance and dismissal of the ticket. However, the testimony was excluded upon plaintiffs' objection.

Defendant raises three issues:

1. Is the July 26, 1976 order of the District Court, continuing in effect its temporary restraining order, an appealable order under Rule 1, M.R.App.Civ.P.?

2. Did the District Court abuse its discretion in initially issuing and subsequently refusing to quash the temporary restraining order?

3. Did the District Court err in excluding evidence offered by defendant at the hearing on the motion to quash concerning the issuance and dismissal of the parking ticket?

Defendant first argues that the order of the District Court continuing in effect the temporary restraining order and denying the motion to quash is an appealable order.

Under Rule 1(b), M.R.App.Civ.P., an aggrieved party may appeal from an order granting or refusing an injunction. Generally, this Court has determined the appealability of injunctive orders by distinguishing between those which are temporary or permanent in substance, without regard to form. Guardian Life Ins. Co. v. State Board of Equalization, (1959), 134 Mont. 526, 335 P.2d 310; State ex rel. Public Service Commission v. District Court, (1936), 103 Mont. 563, 63 P.2d 1032. In Labbitt v. Bunston, (1927), 80 Mont. 293, 260 P. 727, it was stated:

> "Where the matter is heard upon an order to show cause, the right to a temporary injunction is 'adjudicated' by the decision rendered after the hearing * * * so here as the motion to dissolve presented the question of plaintiff's right to the restraining order, and the decision on the motion was equivalent to a decision on the hearing on the order to show cause and rendered such a hearing needless, the order of September 24, was an 'adjudication' of the plaintiff's right to an injunction pendente lite and an order refusing to dissolve an injunction, from which an appeal lies * * *." 80 Mont. 302.

See, State ex rel. Keast v. Krieg, (1965), 145 Mont. 521, 402 P.2d 405.

Here, the order continuing the temporary restraining order appears appealable because it has the effect of a permanent injunction. The record reveals that Judge Olsen regarded the issue as whether or not a permanent injunction should be granted:

> "THE COURT: Very well, when this matter is submitted to the Court then it is submitted on the question of the Motion to Quash and or the final question in the case as to whether or not there be a permanent injunction.
>
> "MR. MACKAY: Yes, if it please the Court.
>
> "THE COURT: If there is no other evidence to be offered on the question of the permanent injunction, this case will be concluded." (Emphasis supplied.)

In substance, by continuing in effect the temporary restraining order, Judge Olsen granted an injunction of a permanent nature, appealable as such.

In his second issue, defendant contends the District Court abused its discretion in initially issuing and subsequently refusing to quash the temporary restraining order.

Under Montana statute, section 93-4204(1)(2), R.C.M. 1947, an injunctive order may be granted:

> "1. When it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;
>
> "2. When it shall appear by the complaint or affidavit that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the plaintiff."

This Court has consistently held to obtain a temporary restraining order the complaint must contain a statement of material facts establishing irreparable injury or plaintiff's right to the relief sought therein. Emery v. Emery, (1949), 122 Mont. 201, 200 P.2d 251.

However, equity will not interfere by way of injunction where the law can furnish all the relief to which the complaining party is entitled, as by monetary damages. State ex rel. Keast v. Krieg, supra.

Defendant contends plaintiffs' complaint failed to establish the irreparable nature of the injury caused by defendant's parking, as the complaint specifies monetary damages compensable as such under the law without resort to equity.

Plaintiffs, however, appear to be correct in responding that a plaintiff in a nuisance action can seek judgment that the nuisance be enjoined, as well as damages recovered. Section 93-6101, R.C.M. 1947; Thrasher v. Hodge, (1929), 86 Mont. 218, 283 P. 219. Further, plaintiffs contend precise monetary damages for loss of business due to defendant's actions are not precisely ascertainable because of the peculiar nature of the allegedly harmful activity, in relation to the asserted harm.

Defendant further argues the impropriety of the initial grant of injunctive relief on the ground that the effect of the temporary restraining order is a change in the status quo, contrary to Montana case authority. Plaintiffs do not respond to this argument.

It is well settled that the purpose of a temporary restraining order is to preserve the status quo until a hearing can be held to determine whether an injunction pendente lite should be granted. State ex rel. McKenzie v. District Court, (1941), 111 Mont. 241, 107 P.2d 885; State ex rel. Cook v. District Court, (1937), 105 Mont. 72, 69 P.2d 746.

-6-

The Washington Supreme Court in State v. Sutton, (1940), 2 Wash.2d 523, 98 P.2d 680, stated that the "status quo" which the injunction is to preserve, consists of:

> "'* * * the last actual peaceable, noncontested status which preceded the pending controversy. Ordinarily where the issuance of a preliminary injunction would have the effect of granting all the relief that could be obtained by a final decree and would practically dispose of the whole case, it will not be granted.'" 98 P.2d 684.

However, this argument appears without merit as Montana courts sitting in equity have the power to restrain or enjoin the continuance of an existing nuisance as well as a contemplated or threatened nuisance. State ex rel. Dussault v. Fox Missoula Theatre Corp., (1940), 110 Mont. 441, 101 P.2d 1065; Purcell v. Davis, (1935), 100 Mont. 480, 50 P.2d 255.

Defendant also argues that because his act of parking was not shown to be other than legal, it could not be enjoined, temporarily or otherwise. However, it is clear that an act, while technically legal, may be enjoined as a nuisance. 66 C.J.S. NUISANCES, §111(c), 874,875.

As a general rule, the granting of a temporary restraining order rests within the sound discretion of the trial court. Atkinson v. Roosevelt County, (1923), 66 Mont. 411, 214 P. 74; Rea Bros. Sheep Co. v. Rudi, (1912), 46 Mont. 149, 127 P. 85. Unless it appears on appeal that such discretion was abused, the order of the trial court will be affirmed. Postal Telegraph-Cable Co. of America v. Nolan, (1916), 53 Mont. 129, 162 P. 169.

The same analysis is applicable to a continuance of an injunction, upon hearing, pending final determination of the cause on the merits. Atkinson v. Roosevelt County, supra; Lowery v. Cole, (1913), 47 Mont. 64, 130 P. 140. This Court in Atkinson stated:

"'* * * And the court should be inclined to issue a temporary injunction applied for where the plaintiff has made out a prima facie case, or if, upon the showing made, it is left doubtful whether or not the plaintiff will suffer irreparable injury before his rights can be fully investigated and determined; it is not necessary that a case be made which would entitle him to relief at all events on final hearing. * * *

"'* * * It is not necessary that the court be satisfied that the plaintiff will certainly prevail on the final hearing; "a probable right, and a probable danger that such right will be defeated, without the special interposition of the court," is all that need be shown.' (Sec. 1685, Pomeroy's Equity Jurisprudence, 4th ed.)." 66 Mont. 422.

Here, plaintiffs offered proof that they had suffered and would continue to suffer a loss of business unless defendant was restrained from parking in such mannger as to prevent visibility of and proper ingress to plaintiffs' business. Plaintiffs contend, and it appears reasonable to conclude, that this showing alone is sufficient as there is no means of determining the precise number of potential patrons who passed by the drive-in due to defendant's vehicle, nor how much each would have spent upon entering.

Defendant's final issue argues the order continuing the temporary restraining order was void for lapse of time. In other words, defendant asserts the temporary restraining order expired after a reasonable time without notice and hearing, such that the District Court was without jurisdiction to order the continuance of it.

In State ex rel. Cook v. District Court, supra, it is stated:

"* * * It is the duty of the court upon granting a temporary restraining order without notice, to set the matter for hearing for an injunction pendente lite at a very early date, to the end that a 'temporary expedient may not, in fact, become an injunction.' * * * And six weeks has been held an unreasonable time to restrain without notice and a hearing." 105 Mont. 75, 76.

-8-

Here, while the temporary restraining order was initially granted on September 11, 1974, it had gone without a hearing until May 1976, a period of over one and one-half years. A temporary injunction is a procedural device, interlocutory or provisional in nature granted at the commencement of an action before there can be a determination of the rights of the parties to preserve the subject in controversy in its existing condition pending a determination. It does not determine the merits of a case or decide controverted facts. It preserves the status quo pending an adjudication on the merits. It seeks to prevent threatened wrong, further injury, and irreparable harm until the rights of the parties are adjusted. 43 C.J.S. INJUNCTIONS, §5; Montana Power Co. v. Environmental Protection Agency, (1977), 429 F.Supp. 683; Sheridan County Electric Co-Op v. Ferguson, (1951), 124 Mont. 543, 222 P.2d 597; Hansen v. Galiger, (1949), 123 Mont. 101, 208 P.2d 1049.

Recognizing that this was raised by defendant in his motion to quash, we find no merit due to the delays of defendant in changing counsel and disqualifying the judges called in.

Defendant contends the District Court erred in excluding upon objection on the grounds that it was irrelevant and hearsay, the evidence offered concerning the issuance and dismissal of the parking ticket.

It is maintained that evidence is not hearsay when offered, as here, in proof of the fact that a statement was made, and not the truth thereof and that, in any event, the evidence was admissible under the "transaction rule". Section 93-401-7, R.C.M. 1947; Stagg v. Stagg, (1934), 96 Mont. 573, 32 P.2d 856; Sullivan v. Metropolitan Life Ins. Co.,

-9-

(1934), 96 Mont. 254, 29 P.2d 1046; Welch v. All Persons, (1929), 85 Mont. 114, 278 P. 110; Burns v. Smith, (1898), 21 Mont. 251, 53 P. 742.

Finally defendant urges the ticket is relevant as tending to establish or make probable a disputed fact (i.e., the legality of defendant's parking and his intent in so doing).

As defendant, on this appeal, requests that the order continuing injunctive relief be quashed, this issue appears to have little bearing on this Court's ultimate decision.

The order of the court continuing the temporary restraining order is upheld. The cause is remanded to the District Court with directions to expedite the trial of the cause for damages.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-10-

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 13507

. . . . . . . . . . .

JOHN BOYER and LAURA LU BOYER,

       Plaintiffs and Respondents,

v.

ANTHONY L. KARAGACIN,

       Defendant and Appellant.

FILED

SEP 15 1978

*Thomas J. Kearney*

CLERK OF SUPREME COURT
STATE OF MONTANA

. . . . . . . . . .

O R D E R

. . . . . . . . . .

PER CURIAM:

    An error having been discovered in the Opinion issued in the above entitled cause where the diagram on Page 3 of that Opinion is incorrect,

    IT IS ORDERED that the Page 3 attached hereto be substituted for Page 3 of the original Opinion..

    DATED this *19th* day of September, 1978.

                                                     _____
                                                     Chief Justice

                                                     _____

                                                     _____

                                                     _____

                                                     _____
                                                        Justices