JUSTICE LEAPHART
dissenting.
¶30 I dissent. Based upon general equity principles, the deference afforded to district courts with respect to equitable relief and our established precedent, I would hold that the District Court properly enjoined the Youngs from further damaging the Wells’ home in order to earn approximately $400 per year.
¶31 Equity principles permit the District Court’s decision under the facts of this case. The majority relies on the proposition that equity follows the law and, citing our 1928 Nelson decision, the notion that law and equity do not clash and are, in many cases, commingled. I agree with these basic equity tenants. However, I disagree with the majority’s narrow view of, what I believe, are courts’ broader equity powers to serve justice when a party lacks a remedy at law.
¶32 Our early case law recognized a distinction between legal and equitable remedies. In State ex rel. Lewis and Clark County v. District Court (1931), 90 Mont. 213, 219-20, 300 P. 544, 546, we noted that while there are a great many exacting Code provisions which must be strictly followed as applied to actions at law, there are others with which the law provisions have nothing to do, except as equity follows the law, “and the two must not be confused.” Indeed, in the Nelson opinion cited by the majority, we also recognized that equity, while guided by rules and precedent, is “the correction of that wherein the law, by reason of its universality, is deficient.” Nelson, 81 Mont. at 572, 264 P. at 683.
¶33 It is equally important to note that injunctive relief, as a device of equity, is appropriate when it appears that the commission or continuance of an act will produce irreparable injury to the party seeking relief. A continuing invasion of a property right may constitute an irreparable injury. Engel, ¶ 56 (citing Ducham, 265 Mont. at 442-43, 877 P.2d at 1006). What distinguishes an injunction from other forms of relief is that it is an equitable remedy granting prospective, as opposed to retrospective, relief. Jefferson, ¶ 18. Most importantly, equity dictates that an injunction be fashioned according to the circumstances of the case. Talley, 259 Mont. at 491, 857 P.2d at *429 708 (citing Montana Tavern Ass’n v. State of Montana by and through Dept. of Revenue (1986), 224 Mont. 258, 265, 729 P.2d 1310, 1315).
¶34 Here, the District Court invoked the law to determine what rules governed the transactions between the Youngs and the Wells. It properly determined that, under § 85-7-2212(2), MCA, the Wells could not maintain an action at law against the Youngs since the Youngs’ irrigation practices predated the Wells’ interest in their land. However, as the District Court concluded and the majority acknowledges, § 85-7-2212(2), MCA, does not preclude the possibility of injunctive relief to prevent future irreparable injury to property.
¶35 The majority would restrict injunctive relief to only situations outlined in § 85-7-2212(2), MCA. That statute, however, does not address injunctive relief. Rather, it permits an action at law if an injured party acquired property before the water seepage existed or began or if the seepage contained toxic chemicals. If a remedy at law exists, equitable relief is improper. Curran v. Dept. of Highways (1993), 258 Mont. 105, 109, 852 P.2d 544, 546 (if party’s “loss can be compensated, of course, it is not an irreparable injury.”). As such, contrary to the majority’s conclusion, an equitable remedy would not likely exist in these particular situations.
¶36 The majority also concludes that the District Court entered no specific findings that the Youngs’ conduct was unlawful or that they breached an obligation and, thus, the court’s reliance on Madison Fork was misplaced. However, what the majority fails to address is that the district court in Madison Fork enjoined lawful conduct when it restrained L & B from harvesting infected timber on the Madison Fork Ranch. With regard to these trees, there was no breach of contract or breach of obligation. Yet, we upheld the district court’s injunction under the facts of that case on the basis of two general principles: that injunctions must be framed according to the circumstances of each case and that injunctions are proper if an act has or will produce irreparable injury. Madison Fork, 189 Mont. at 302, 615 P.2d at 906.
¶37 In this regard, we have previously upheld injunctive relief restraining lawful activity. Boyer v. Karagacin (1978), 178 Mont. 26, 32-33, 582 P.2d 1173, 1177 (upheld permanent injunction prohibiting legal parking of car which blocked access to adjacent business upon concluding that “... an act, while technically legal, may be enjoined as a nuisance.”). In disputes among neighbors, such as the one at hand, we have approved of equitable measures restricting lawful conduct “for the sake of preserving ‘peace and tranquility.’ ” Engel, ¶¶ 52-53 (lawful user of easement required to give notice to neighbor by mail or telephone prior to exercising her right to access easement by vehicle).
*430 ¶38 Here, while the District Court found that an abandoned BIA ditch was most likely responsible for flooding the Wells’ home, it also found that the Wells experienced flooding only when the Youngs irrigated their property. Thus, logically, the Court found that continued irrigation would cause further flooding and increased damage to the structural integrity of the Wells’ home and constitute a substantial risk of continuing harm and irreparable injury to the Wells’ property. In contrast, the court found that the Youngs irrigated only sporadically and that income the Youngs derived from crop production was minimal and, in part, unknown. Thus, the District Court reasoned that the potential damage to the Wells’ home and property was far greater than the nominal income the Youngs derived from crop production. Substantial evidence in the record supports this determination.
¶39 To hold that the District Court abused its discretion in issuing injunctive relief under these facts is tantamount to saying that an irrigator may, for no good reason, continue causing irreparable damage to his neighbor’s home, in perpetuity. It would be a different situation altogether if the Youngs’ irrigation resulted in more than nominal income. By carefully considering the competing interests involved and fashioning injunctive relief, the District Court did not act on a whim or decide this case in defiance of the law. Giving due deference to the District Court, I would affirm.
JUSTICE TRIEWEILER and JUSTICE RICE join in the dissent of JUSTICE LEAPHART.