No. 88-269

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

THE NEW CLUB CARLIN, INC., d/b/a BIG DADDY'S, JOHN C.
ALGUIRE, and TERRY L. MC KAY, individually and as partners
transacting business under the name and style of BIG
DADDY'S, a Montana partnership,

Plaintiffs and Appellants,

-vs-

THE CITY OF BILLINGS, a Municipal Corporation organized
and existing pursuant to the laws of the State of Montana,
ALLAN TANDY, its Administrator, EUGENE KISER, its Chief
of Police, THE CITY OF BILLINGS POLICE DEPARTMENT, and THE
CITY PROSECUTOR'S OFFICE, an administrative subdivision of
the Municipal Corporation,

Defendants and Respondents.

APPEAL FROM:   District Court of the Thirteenth Judicial District
               In and for the County of Yellowstone,
               The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Robert L. Stephens, Jr., Stephens Law Firm; Billings, MT

    For Respondent:

        David M. Rusoff, City Attorney, Billings, MT

Submitted:   November 15, 1988

Decided:   April 27, 1989

Filed:

_____
                Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

In November and December, 1987, employees of Big Daddy's bar were arrested for criminal violation of Billings city ordinance prohibiting nude dancing in establishments selling alcoholic beverages. The owners of the bar filed a complaint in January, 1988 requesting a preliminary injunction, declaratory judgment and damages. A hearing was conducted in the District Court, Thirteenth Judicial District, Yellowstone County on January 26, 1988. The District Court issued an order denying the injunction on February 26, 1988. Big Daddy's filed a motion for reconsideration which was denied. This appeal followed. This Court set the cause for oral argument and heard the case on November 15, 1988. We affirm.

The issue is whether the District Court erred when it denied the appellant's request for a preliminary injunction.

On November 6, 1987, Billings police officers arrested a barmaid and a male dancer for exposing their anal clefts in violation of Billings City Code § 3-304. A female dancer was also arrested for failure to remain on the platform while performing in violation of Billings City Code § 3-301. The assistant manager was also arrested for allowing the dancers and the barmaid to appear with their anal clefts exposed in violation of § 3-304(d). On December 4, 1987 a female dancer was arrested for exposing her anal cleft and the acting manager was arrested for allowing the exposure.

On December 17, 1987 the defendants in the city court actions filed a motion to dismiss based on the ordinance's unconstitutionality. The City Prosecutor and defense counsel stipulated to the facts. A briefing schedule was established

by the city court. Upon failure to submit a brief, the defendants' motion was denied and they were found guilty on the stipulated facts.

The New Club Carlin, Inc. d/b/a Big Daddy's filed a complaint against the City of Billings requesting a preliminary injunction.

The defendants in the city court action, Krimheld Corley Knowles, Paul Dey, Robin Dey, Heidi Sue Sanderson, Melissa Keller and Jimmy Lee Laedeke, are not parties to the present case at bar.

I.

Did the District Court err when it denied the appellant's request for preliminary injunction?

Montana law governing the issuance of a preliminary injunction is found at § 27-19-101, et. seq. M.C.A. Two sections of this law are particularly applicable to this case. The first, § 27-19-103(4), MCA, states:

> An injunction cannot be granted to prevent the execution of a public statute by officers of the law for the public benefit.

This seems to resolve the situation. However, § 27-19-201(2) and (3), MCA, states:

> An injunction order may be granted (2) when it shall appear that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant; (3) when it shall appear during the litigation that the adverse party is doing or threatens or is about to do or is procuring or suffering to be done some act in violation of the applicant's rights. . . .

To overcome the Montana statute § 27-19-103(4), MCA, and well-settled case law that an injunction cannot be granted to prevent the execution of a public statute for the public benefit, Big Daddy's must show irreparable injury or a

- 3 -

violation of constitutional rights. State ex rel. Freebourn v. District Court (1929), 85 Mont 439, 279 P. 234; 2 AmJur.2nd Injunctions § 243.

Big Daddy's asserts that the Billings ordinance is a violation of the First Amendment of the U.S. Constitution and Article II, Sec. 7 of the Montana Constitution both providing the right to free speech. Big Daddy's also claims irreparable damage in that it suffered business losses as a result of the enforcement of the ordinance against its employees.

The District Court held that money damages are not considered to be irreparable harm because recovery of money damages is available in an action at law without resort to equity, citing Boyer v. Karagacin (1978), 178 Mont. 26, 31, 582 P.2d 1173, 1177; State ex rel. Keast v. Krieg (1965), 145 Mont. 521, 402 P.2d 405. We agree.

Whether or not the ordinance is a violation of constitutional rights is not properly before this Court. It was not Big Daddy's, the corporation, which was directly effected by the enforcement of the ordinance. Those persons actually arrested and prosecuted for violation of the ordinance are the real parties in interest, Rule 17(a), M.R.Civ.P.

Rule 17(a), the real party in interest rule, mandates that "Every action shall be prosecuted in the name of the real party in interest." Big Daddy's interest in the enforcement of ordinances against its employees is monetary, not constitutional. It is the employees who were criminally prosecuted here and they are not parties to this action for injunction. The proper procedure for review on constitutional grounds of the city court action against the employees of Big Daddy's would have been a review of the city court's judgments of guilty in the District Court followed by

an appeal to this Court. This was not done and those employees have let their right to appeal lapse. The judgments against them have become final.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices