# ROD EDWARD VAN LOAN,
## Plaintiff and Respondent,
### -vs-
# JAMES VAN LOAN,
## Defendant and Appellant.

No. 94-586.
Submitted on Briefs April 6, 1995.
Rehearing Denied June 8, 1995.
Decided May 17, 1995.
52 St.Rep. 390.
271 Mont. 176.
895 P.2d 614.

For Appellant: **James C. Bartlett**; Hash, O'Brien & Bartlett, Kalispell.

For Respondent: **David W. Lauridsen**; Bothe & Lauridsen, Columbia Falls.

JUSTICE LEAPHART delivered the Opinion of the Court.

James Van Loan (Appellant) appeals the November 1, 1994 preliminary injunction issued by the Eleventh Judicial District Court, Flathead County, restraining the transfer of certain of his assets. We affirm.

Appellant sexually abused and molested his adopted children for eleven years. On March 1, 1993, Appellant pled guilty to six counts of felony incest and was sentenced to sixty years in prison. Appellant will not be eligible for parole until 2004. On May 13, 1994, Respondent Rod Edward Van Loan (Appellant's son) brought a civil action against Appellant alleging intentional torts and seeking compensatory and punitive damages. Appellant has admitted liability in this action and that his actions caused "significant damage." Respondent based his tort claims on Appellant's acts of criminal incest.

On May 19, 1994, Respondent filed an application for preliminary injunction and for an ex parte temporary restraining order, requesting that Appellant be prohibited from disbursing his assets, estimated at over $1 million. A temporary restraining order was filed. On October 6, 1994, after a hearing was held, a preliminary injunction was issued prohibiting Appellant from disbursing over $1.5 million in IRA and investment account assets. This appeal followed.

Appellant presents two issues on review:

1. May a plaintiff in a tort action obtain a preliminary injunction freezing a defendant's assets?

2. Is Appellant entitled to affirmative relief for improper pleadings and wrongful issuance of the temporary restraining order and preliminary injunction?

## Standard of Review

In *Montana Rail Link v. Byard* (1993), 260 Mont. 331, 337, 860 P.2d 121, 125, we held that the abuse of discretion standard applies to "discretionary rulings, such as trial administration issues, post-trial motions and similar rulings." We will not disturb a district court's preliminary injunction except when there is "manifest abuse"

of discretion by the district court. *Atkinson v. Roosevelt County* (1923), 66 Mont. 411, 421, 214 P. 74, 76-77.

## Issue I

May a plaintiff in a tort action obtain a preliminary injunction freezing a defendant's assets?

The question of whether a plaintiff in a personal injury suit may, through a preliminary injunction, freeze the defendant's assets is a case of first impression in Montana. We therefore look to other jurisdictions for guidance.

The United States Supreme Court considered a request for a prejudgment freeze of assets by a party seeking equitable relief in *Deckert v. Independence Shares Corp.* (1940), 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189. The Court held that:

> [i]t is well settled that the granting of a temporary injunction, pending final hearing, is within the sound discretion of the trial court; and that, upon appeal, an order granting such an injunction will not be disturbed unless contrary to some rule of equity, or the result of improvident exercise of judicial discretion. [Citations omitted.] As already stated, there were allegations that Independence was insolvent and its assets in danger of dissipation or depletion. This being so, the legal remedy against Independence, without recourse to the fund in the hands of Pennsylvania, would be inadequate. The injunction was framed narrowly to restrain only the transfer of $38,258.85, and the trial judge required petitioners to furnish security for any losses respondents might suffer. In view of this we cannot say that the trial judge abused his discretion in granting the temporary injunction.

*Deckert*, 311 U.S. at 290, 61 S.Ct. at 234.

Although Deckert sought equitable as well as legal relief, it is significant that the Court's decision was not based solely on the fact that equitable or statutory relief had been sought. Rather, the Court held that the injunction was a reasonable measure to preserve the status quo and concluded that the *legal remedy* against the defendant would be inadequate due to the allegations that defendant was insolvent and the danger of dissipation of assets. *Deckert*, 311 U.S. at 289-290, 61 S.Ct. at 233-234.

> Similarly, the Ninth Circuit Court of Appeals held that
>
> a district court has authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant

or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment. This holding is thus restricted to only *extraordinary* cases in which equitable relief is not sought. *In re Estate of Ferdinand Marcos, Human Rights Litigation* (9th Cir. 1994), 25 F.3d 1467, 1469. In that case, the district court had found a substantial likelihood that the plaintiffs would succeed on the merits of their tort claims, would be irreparably damaged, and that the remedies at law would not be adequate if the injunction were denied. The district court in that case further found that without the injunction a judgment against the defendants would have been meaningless and that the defendants would not be harmed by the injunction. The Ninth Circuit Court of Appeals concluded that final equitable relief need not be requested to authorize preliminary injunctive relief and that any previous comments by the court to the contrary were merely dicta. *Estate of Marcos*, 25 F.3d at 1477. That court then concluded that there was ample support for the conclusion that a preliminary injunction may be issued even when a final equitable remedy was not sought. *Estate of Marcos*, 25 F.3d at 1477.

In an earlier case, the Ninth Circuit Court of Appeals more clearly set out a two-part standard for granting a preliminary injunction:

(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor. [Citation omitted.] These are not two distinct tests, but rather the opposite ends of a single "continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." [Citation omitted.]

*Miss World (UK) Ltd. v. Mrs. America Pageants, Inc.* (9th Cir. 1988), 856 F.2d 1445, 1448.

The Ninth Circuit, in *Estate of Marcos*, noted that most of the Circuit Courts of Appeal have held that preliminary injunctions are available when a money judgment was in danger of being made worthless by the dissipation of assets. *Estate of Marcos*, 25 F.3d at 1478. That court cited to the Second Circuit Court of Appeals, which held that

even where the ultimate relief sought is money damages, federal courts have found preliminary injunctions appropriate where it has been shown that the defendant intended to frustrate any judgment on the merits by transferring its assets out of the jurisdiction .... this is an appropriate case for the issuance of

injunctive relief to prevent [the defendant] from making uncollectible any judgment. [Citations omitted.]

*Estate of Marcos*, 25 F.3d at 1479; *citing In re: Feit & Drexler, Inc.* (2d Cir. 1985), 760 F.2d 406, 416. The Ninth Circuit similarly relied on the Fourth Circuit Court of Appeals when it upheld a preliminary injunction preventing dissipation of assets where plaintiffs alleged that the defendant was insolvent and where its assets were in danger of dissipation and depletion. *Estate of Marcos*, 25 F.3d at 1479; *citing United States ex rel. Taxpayers Against Fraud v. Singer Co.* (4th Cir. 1989), 889 F.2d 1327.

In *Tri-State Generation and Transmission Ass'n, Inc. v. Shoshone River Power, Inc.* (10th Cir. 1986), 805 F.2d 351, 355, the court held that a preliminary injunction was warranted where irreparable harm would result from the inability to collect a money judgment. The Tenth Circuit applies a four-part test regarding preliminary injunctions: (1) a substantial likelihood that the movant will eventually prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *Mid-States Ag-Chem. Co. v. Atchison Grain Co.* (D. Kan. 1990), 750 F.Supp. 465, 467; *See, Tri-State Generation*, 805 F.2d at 355.

In the instant case, Respondent attempts to prevent Appellant from dissipating his (Appellant's) assets. Respondent presented evidence to support his claim that there is an actual threat to his (Respondent's) ability to collect the full damages that may be awarded to him. Section 27-19-201, MCA, provides for issuance of a preliminary injunction when:

(1) when it shall appear that the applicant is entitled to the relief demanded and such relief or any part thereof consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;

(2) when it shall appear that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant;

(3) when it shall appear during the litigation that the adverse party is doing or threatens or is about to do or is procuring or suffering to be done some act in violation of the applicant's rights,

respecting the subject of the action, and tending to render the judgment ineffectual;

(4) when it appears that the adverse party, during the pendency of the action, threatens or is about to remove or to dispose of his property with intent to defraud the applicant, an injunction order may be granted to restrain the removal or disposition;

(5) when it appears the applicant has suffered or may suffer physical abuse under the provisions of 40-4-121.

Subsections two and three apply to the instant situation where Appellant has threatened that he will move his assets out of Respondent's reach. If Appellant is not enjoined from carrying out his threat, Respondent's potential judgment will be ineffectual and he will be irreparably injured. None of the statutory prohibitions on injunctions applies to this case. *See* § 27-19-103, MCA.

 As demonstrated by the above case analysis, there are numerous standards used to determine whether an injunction is proper in the context of a claim for monetary damages. They share common components, with the basic intent being to balance protection of the moving party when no remedy at law will provide damages in a particular situation against the need to keep an adverse party's assets free from encumbrances. Each of the test's elements are represented in the following four components, although all jurisdictions' tests do not necessarily contain all four elements:

(1) the likelihood that the movant will succeed on the merits of the action;

(2) the likelihood that the movant will suffer irreparable injury absent the issuance of a preliminary injunction;

(3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party (a balancing of the equities); and

(4) the injunction, if issued, would not be adverse to the public interest.

We adopt these four elements as the test in Montana to determine whether a preliminary injunction should issue when a party's monetary judgment may be made ineffectual by the actions of the adverse party thereby irreparably injuring the applicant. The moving party has the burden of proving these elements.

The District Court in the case at bar concluded that this is an extraordinary case, that Respondent will be irreparably injured if the assets are dissipated, that Respondent is very likely to prevail on the

merits of his claim, that Appellant will not be unduly burdened, and that the injunction is not adverse to public policy.

■ In the instant case, Appellant admitted liability and stated that significant damages have occurred. It therefore appears that Respondent will succeed on the merits of the action. If Appellant disperses his assets, rendering a judgment against him worthless, Respondent will suffer irreparable injury absent the issuance of a preliminary injunction. This analysis comports well with that of *Estate of Marcos* and other cases cited above. The threatened injury to Respondent outweighs any damage the injunction may cause to Appellant, primarily because Appellant is in prison and is not eligible for parole until 2004. Furthermore, Appellant did not identify any damage he will suffer as a result of the preliminary injunction, or how it could be adverse to him. Finally, based on the foregoing judgment, the injunction would not be adverse to the public interest. We caution that our analysis is to be narrowly interpreted. The courts cannot countenance routine, meritless, or vindictive petitions for preliminary injunctions of this sort. An injunction is to be issued only under the most clear facts that fully satisfy the four-part test adopted above.

Appellant focuses on the facts of this case in order to dissuade us from concluding that an injunction is appropriate. These contentions ignore the test factors herein adopted, and the District Court's findings and conclusions. We agree with the District Court that this is an extraordinary case: We hold that where, as here, the four test factors adopted above are completely met, a preliminary injunction is appropriate under § 27-19-201(2) or (3), MCA. The District Court did not abuse its discretion when it granted Respondent's motion for a preliminary injunction.

■ Appellant argues that, pursuant to § 27-19-201(2), MCA, we have held that harm which can be recompensed with an award of money is not considered irreparable harm. Recovery of money damages is available in an action at law without resorting to equity. In a number of decisions, we have denied injunctive relief in the context of claims for monetary damages. However, these decisions are premised upon an assumption that monetary damages will adequately compensate the injured party. The requested injunctive relief related to collateral matters and did not challenge the adequacy of the monetary relief. In *Dicken v. Shaw* (1992), 255 Mont. 231, 236, 841 P.2d 1126, 1129, we held that a plaintiff, suing for breach of a lease and wrongful eviction, was not entitled to an injunction because she could be adequately compensated for the breach through monetary

damages. In that case, the lessors allegedly breached a rental lease and the plaintiff/lessee sought monetary damages for losses resulting from that breach and requested a preliminary injunction to prevent the lessors from renting the leased property to another renter until the litigation was completed. *Dicken*, 841 P.2d at 1128. We affirmed the district court's denial of the preliminary injunction because the lessee failed to prove that she would be greatly or irreparably injured if the lessors rented the space to someone else. *Dicken*, 841 P.2d at 1129. We stated:

> [plaintiff] has not shown, as would be necessary to justify a preliminary injunction under § 27-19-201(3), MCA, that renting the office space to another tenant during this litigation will tend to render the potential judgment ineffectual, because she has not shown that she has been damaged other than monetarily.

*Dicken*, 841 P.2d at 1129.

*Dicken*, and other cases cited by Appellant, are distinguishable from the instant case because none of those previous cases included allegations that the defendant's actions would render the money judgment ineffectual. *Dicken*, 841 P.2d at 1128; *see also New Club Carlin, Inc. v. City of Billings* (1989), 237 Mont. 194, 772 P.2d 303; *Boyer v. Karaqacin* (1978), 178 Mont. 26, 582 P.2d 1173. The instant case represents different facts and allegations and thus a different issue. Had the lessee in *Dicken* alleged that the lessors threatened to secret or dissipate their assets then *Dicken* would be analogous to the instant case. To apply *Dicken* or other similar cases to the instant case would ignore the substance of Respondent's allegations that Appellant threatens to make himself judgment proof and thereby irreparably harm Respondent's ability to recover damages.

Our holding in this case does not reverse previous holdings that harm which can be remedied with an award of money is not considered irreparable harm. Recovery of money damages is available in an action at law without resort to equity. *New Club Carlin*, 772 P.2d at 305; *Boyer*, 582 P.2d at 1177. This case presents a new issue not previously addressed. That is, is injunctive relief appropriate in an action at law for monetary damages if it is alleged that the defendant threatens to, or is about to secret or dissipate his/her assets in order to thwart any monetary recovery by the plaintiff, thereby irreparably injuring the plaintiff. In the instant case we are dealing with unique facts where Appellant threatens to make his assets unavailable and thereby render a judgment worthless. Our holding, and the above four-part test, apply only in cases where a party seeking money

damages alleges that the defendant is hiding or dissipating his/her assets in such a manner that a money judgment will be ineffectual and/or the plaintiff will be irreparably injured. Section 27-19-201(2) or (3), MCA.

### Issue II

Is Appellant entitled to affirmative relief for improper pleadings and wrongful issuance of the temporary restraining order and preliminary injunction?

Appellant raises numerous arguments about defects regarding procedural and substantive aspects of the temporary restraining order. The temporary restraining order expired ten days after issuance and these arguments are now moot. Because we hold these arguments to be moot we need not consider Appellant's contentions regarding alleged violations of Rule 11, M.R.Civ.P.

At this time it is also inappropriate for us to consider alleged defects in Respondent's complaint, or related alleged Rule 11 violations. With the exception of the preliminary injunction, the District Court's rulings are interlocutory and not subject to our review until completion of the action.

Appellant contends that the District Court lacked jurisdiction to control Appellant's assets in other states. Appellant cites to the fact that Respondent's counsel mailed the District Court's order granting the preliminary injunction to an investment company in another state. The act of a private attorney does not present an issue for which we may evaluate district court authority. Appellant does not present evidence that a Montana court exercised or attempted to exercise its jurisdiction outside of Montana. The temporary restraining order and preliminary injunction represented valid restrictions preventing Appellant from transferring certain assets. Appellant presents no justiciable question of jurisdiction.

Affirmed.

JUSTICES GRAY, HUNT, NELSON and WEBER concur.