No. 96-522

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

---

INTERMOUNTAIN SYSTEMS, INC.
a Montana Corporation,

      Plaintiff and Respondent,

   v.

C & C FARM AND RANCH SUPPLY,
a Montana Corporation

      Defendant,

   and

STATE OF MONTANA,

      Defendant-Intervenor and Appellant.

---

APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Joseph P. Mazurek, Attorney General, Clay Smith,
Solicitor, Helena, Montana

      For Respondent:

          Mark David Hoffman, Hoffman & Suenram, Dillon,
Montana (Intermountain); Vincent J. Kozakiewicz,
Dillon, Montana

Filed:

FILED

JAN 02 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  November 14, 1996

Decided:  January 2, 1997

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Appellant, the State of Montana (State), appeals the grant of a preliminary injunction by the Fifth Judicial District Court, Beaverhead County, enjoining the State from enforcing §§ 39-9-101 to -410, MCA, which mandates the registration of construction contractors. We affirm.

The 1995 session of the Montana Legislature passed the Contractor Registration act, codified as § 39-9-101, MCA, et seq. The Contractor Registration act provides that construction contractors must register with the Montana Department of Labor and Industry. It further provides that a non-registered contractor who advertises for or performs construction work is subject to fines, penalties, and misdemeanor criminal prosecution. The statute also mandates that a contractor seeking to register must provide, among other things, his or her social security number and the names and addresses of all partners if the applicant is a firm or partnership. By law, such information is to be open to public inspection. Section 39-9-202, MCA.

Respondent Intermountain Systems, Inc. (Intermountain) is a contractor as defined by § 39-9-102, MCA. In a suit for breach of contract against Defendant C & C Farm and Ranch Supply,

2

Intermountain asserted that the Contractor Registration act was unconstitutional. Notified of the constitutional challenge, the State of Montana intervened to defend the constitutionality of the law. Intermountain moved the District Court for a preliminary injunction to enjoin the State from enforcing the law pending a final determination on the merits. The District Court granted the motion and the State appeals.

The grant or denial of a preliminary injunction is a discretionary ruling. Van Loan v. Van Loan (1995), 271 Mont. 176, 178-79, 895 P.2d 614, 615. This Court will not disturb a district court's grant or denial of a preliminary injunction unless there is a manifest abuse of discretion by the district court. Van Loan, 895 P.2d at 615. See also Knudson v. McDunn (1995), 271 Mont. 61, 64, 894 P.2d 295, 297; Porter v. K & S Partnership (1981), 192 Mont. 175, 181, 627 P.2d 836, 839.

A preliminary injunction has the effect of preserving the status quo pending an adjudication on the merits. Knudson, 894 P.2d at 297-98 (citing Porter, 627 P.2d at 839). In determining whether a preliminary injunction should issue, a district court

> should in no matter anticipate the ultimate determination of the questions of right involved. Rather, the court should decide merely whether a sufficient case has been made out to warrant the preservation of the property or rights in status quo until trial, without expressing a final opinion as to such rights.

Porter, 627 P.2d at 840.

A preliminary injunction may be granted "when it appears that the commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant."

3

Section 27-19-201(2), MCA. Intermountain asserted that the enforcement of the law would cause it great damage because it would be forced to choose between registering and refusing to register. Intermountain asserted it would be compelled to disclose information in violation of its constitutional right to privacy if it chose to register. It also asserted that it would be subject to fines, penalties and criminal prosecution if it chose not to register. Rather than be required to make such a choice, Intermountain asserted that a preliminary injunction should issue, enjoining enforcement of the law until an ultimate determination of its constitutionality was made.

The District Court agreed. In issuing the injunction, the District Court found:

> while the simple act of registering could prevent the enforcement of the sanction provisions of the Act, there is from the evidence a genuine and good faith concern regarding constitutional violations of privacy, and a reasonable expectation thereof, created by information sought on the State's proposed registration form. There was a total absence of evidence showing any compelling State interest in overcoming these claimed privacy rights.

On appeal, the State contends that the District Court "failed to assess carefully Intermountain's privacy claim to determine likelihood of success or to explain in manner allowing meaningful review the nature of the injury Intermountain would suffer were it required to submit the application."

The nature of the injury asserted by Intermountain was the violation of its right to privacy. While the State may argue that such violation is unlikely to occur, the District Court apparently

4

disagreed. Rather than risk muddying the waters with additional constitutional issues and asserted constitutional violations, the District Court instead preserved the status quo by issuing the preliminary injunction.

An injunction is an equitable remedy fashioned according to the circumstances of a particular case. Section 27-19-101, MCA; Talley v. Flathead Valley Community College (1993), 259 Mont. 479, 491, 857 P.2d 701, 708 (citation omitted). While the State sets forth detailed legal arguments why a preliminary injunction should not have issued, we cannot conclude, under the unique facts of this case, that the issuance of the injunction was a manifest abuse of the District Court's discretion.

The order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices