IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 01-815

KAREN FINKE, ANDY J. HUDAK, SCOTT POWERS, )
CITY OF BILLINGS, CITY OF BOZEMAN, CITY OF )
COLUMBIA FALLS, CITY OF KALISPELL, CITY OF )
MISSOULA, CITY OF WHITEFISH, )
)
Plaintiffs, )
)
v. )
)
STATE OF MONTANA, ex rel., MIKE McGRATH, )
ATTORNEY GENERAL and WENDY KEATING, )
ACTING DIRECTOR, MONTANA DEPARTMENT )
OF LABOR AND INDUSTRY; YELLOWSTONE )
COUNTY; GALLATIN COUNTY; FLATHEAD )
COUNTY; and MISSOULA COUNTY, )
)
Defendants. )

STATE LAW LIBRARY

NOV 26 2001

OF MONTANA

ORDER

FILED

NOV 29 2001

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Plaintiffs Karen Finke, Andy J. Hudak, Scott Powers, and the Cities of Billings,

Bozeman, Columbia Falls, Kalispell, Missoula and Whitefish (hereinafter "Plaintiffs"), have

tiled a Complaint for declaratory and injunctive relief as an original proceeding, naming as

Defendants the State of Montana, ex rel., Mike McGrath, Attorney General; Wendy Keating,

Acting Director, Montana Department of Labor and Industry; and the Counties of

Yellowstone, Gallatin, Flathead and Missoula (hereinafter "Defendants"). Plaintiffs seek a

temporary restraining order, a preliminary injunction, and an expedited hearing on their

original application.

The complaint for declaratory and injunctive relief challenges the constitutionality of

1

Senate Bill 242 (SB 242), which was enacted during the Fifty-Seventh session of the Montana Legislature, 2001, and signed into law by the Governor. SB 242 limits the municipal jurisdictional area for municipal building codes, by requiring a special mail ballot election to be conducted, in each of the defendant counties no later than December 31, 2001. In this special election, pursuant to SB 242, the only persons who may vote on the propriety of the municipalities' continuing jurisdiction are "record owners of real property" within the "donut areas" over which municipalities exercised their building code jurisdiction prior to the enactment of SB 242.

Prior to the Fifty-Seventh session of the Legislature, § 50-6-101(11)(b), MCA, authorized Montana cities and towns to exercise building code jurisdiction over areas within four and one-half miles of the city limits, the so called "donut area" or "donut jurisdiction." The individual Plaintiffs in this action are three duly-qualified electors who reside within the "donut areas" of their respective communities but are not record owners of real property, and who thus complain they are unconstitutionally disenfranchised by the operative provisions of SB 242. The remaining Plaintiffs are six municipal governments which currently exercise municipal building code jurisdiction within their "donut areas," pursuant to the provisions of § 50-60-101(11)(b), MCA.

Plaintiffs also argue that SB 242 is internally and fatally inconsistent. Specifically, Section 8 of SB 242 requires the election on whether to retain "donut area" municipal jurisdiction, with the said area continuing "in existence as provided in law." However,

2

Section 2(12) of SB 242 struck the description of the "donut area" from the definition of "municipal jurisdiction," retroactively, thereby eliminating the jurisdictional area that the electors would ostensibly vote to retain. In other words, even if the electors voted to retain the "donut" jurisdiction, there is no such municipal jurisdictional area to retain as a result of the retroactive amendment of the definition of "municipal jurisdiction" in SB 242.

The Plaintiffs ask this Court to assume original jurisdiction over the subject matter of this controversy, and to preliminarily and eventually permanently enjoin the County Defendants from passing any resolution, making any notice, or conducting any year-end election as otherwise required by Section 8, or enforcing any other provision of SB 242. They also ask this Court to preliminarily and eventually permanently enjoin the Montana Department of Labor and Industry (DOLI) from asserting building code jurisdiction over the "donut areas" until a lawful election is held in which a majority of the qualified electors returning ballots, vote to terminate municipal building code jurisdiction in their "donut areas."

The Plaintiffs further ask this Court to stay that portion of Attorney General Opinion No. 49-O 11, which issued October 19, 2001, and which opines that municipal jurisdictional areas existing under § 50-60-101(11), MCA, prior to SB 242's effective date of May 1, 2001, have lost jurisdiction to enforce municipal building code provisions as of that date. The Opinion goes on to provide that such jurisdiction may be revived only if approved by the voters in the election required by Section 8 of SB 242, prior to December 13, 2001. Plaintiffs

argue that the legal effect of this Opinion is to render all building inspections conducted after May 1, 2001, legal nullities.

The Plaintiffs further ask this Court to order the Defendants to show cause why a preliminary injunction should not be entered enjoining the conduct described in the preceding two paragraphs, and ask that the hearing on the preliminary injunction and permanent injunction requested by the Plaintiffs be combined in the interests of justice and judicial economy.

Ultimately, the Plaintiffs ask this Court to issue a declaratory judgment that Sections 6, 7, and 8 of SB 242, codified at § 50-60-3 14, MCA, violate the Equal Protection clause of the Montana and United States Constitutions, and violate the guarantee of free suffrage found in Article II, Section 13 of the Montana Constitution. They further ask us to issue a declaratory judgment that SB 242 violates the substantive Due Process clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Due Process clause of the Montana Constitution found in Article II, Section 17. They further seek a declaratory judgment to the effect that the portion of the AG Opinion No. 49-011, which holds that the municipal Plaintiffs lost jurisdiction effective May 1, 2001, is erroneous and thus null and void as a matter of law. In addition, they seek a declaratory judgment that, in the absence of a lawful election in which the majority of qualified electors returning ballots vote to terminate municipal building code jurisdiction in their "donut areas," the municipal Plaintiffs retain jurisdiction to enforce their building codes in their respective "donut areas."

4

Finally, Plaintiffs ask that we issue a declaratory judgment that SB 242 is unconstitutional in its entirety, and that we grant them attorney fees and costs in this matter.

In arguing for our acceptance of original jurisdiction, Plaintiffs maintain they will otherwise be forced to tile suits in four if not five separate judicial districts, and that there would be the resulting threat of inconsistent or varying adjudications by those judicial districts, to the detriment of all parties hereto. They further contend that permitting them to continue to exercise their "donut area" jurisdiction until the case can be finally resolved on the merits would be in. the public interest, and that no one will be disadvantaged by granting the interlocutory relief sought.

Rule 17(b), M.R.App.P., contemplates that writs of injunction may be sought and obtained through the exercise of original jurisdiction. Moreover, we agree with Plaintiffs that the criteria for the exercise of original jurisdiction have been met, in that constitutional issues of state-wide importance are clearly involved, the case involves purely legal questions of statutory and constitutional construction, and urgency and emergency factors exist (none the least of which is the imminence of the mandated election process in the defendant counties) which render the normal appeal process inadequate. *See Butte-Silver Bow Local Government v. State,* 235 Mont. 298,768 P.2d 327 (1989).

We also agree with Plaintiffs that the constitutional challenges to the franchise limitations inherent in SB 242, and the arguably internally inconsistent language of SB 242, render it likely that Plaintiffs may succeed on at least a portion of the merits of their petition,

and that irreparable harm, in terms of needlessly expended resources and negation of the effects of building permits issued behveen May 1, 2001 and the present, will occur if the Defendants' enforcement of SB 242 is not enjoined. In this connection, we deem it significant that the Attorney General has conceded that "the question of the constitutionality of the franchise limits in SB 242 is a serious one." 49 Mont. Op. Atty. Gen. No. 009 (2001) at 4. Thus, good cause for the issuance of a temporary restraining order appears to exist.

On the other hand, we must also look to §§ 27-19-101, et seq., MCA, to determine under what circumstances a preliminary restraining order or injunction may issue. Section 27-19-103, MCA, sets forth those instances in which an injunction may not be granted. It provides in pertinent part: "An injunction cannot be granted: . . (4) to prevent the execution of a public statute by officers of the law for the public benefit . . ." Arguably, this proscription applies to the relief sought here, as Plaintiffs are asking us to enjoin the County Defendants from holding the elections mandated by SB 242, and to enjoin DOLI from asserting building code jurisdiction over the "donut areas" as required by SB 242. However, we also note § 27-19-201(2) and (3), MCA, which provide generally that an injunction order may be granted when it appears that the commission of an act during the litigation would produce irreparable injury to the applicant, and/or that the adverse party threatens to do something in violation of the applicant's rights.

The seeming incongruity of these statutes, as they pertain to an injunction relating to the enforcement of a statute, was addressed by this *Court* in *The New Club Carlin, Inc. v.*

6

*City of Billings*, 237 Mont. 194, 772 P.2d 303 (1989). There, the Club (Big Daddy's) sought a preliminary injunction and declaratory judgment to enjoin enforcement of a nude dancing ordinance. The District Court denied the request for preliminary injunction. On appeal, we stated:

> To overcome the Montana statute § 27-19-103(4),MCA, and well-settled case law that an injunction cannot be granted to prevent the execution of a public statute for the public benefit, Big Daddy's must show irreparable injury or a violation of constitutional rights. *State ex rel. Freeborn v. District Court* (1929), 85 Mont. 439,279 P. 234; 2 *Am.Jur* 2nd *Injunctions* § 243.

We have said that both irreparable injury and the real possibility of the violation of a constitutional right exist here. In light of this, and because all of the parties hereto stand to expend significant time and resources implementing the mandates of SB 242 in the immediate future, without any guarantee that their actions will ultimately be upheld as valid and legal, unless performance of the SB 242 statutory obligations is enjoined pending disposition of the legal and constitutional challenges presented in Plaintiffs' Petition, we conclude that it is appropriate for us to assume original jurisdiction in this matter, and further conclude that injunctive relief is appropriate. Accordingly,

IT IS HEREBY ORDERED that the County Defendants are and shall be temporarily enjoined from passing any resolution, making any notice or conducting any election as otherwise required by Section 8 of SB 242, or from otherwise enforcing any provision of SB 242.

IT IS FURTHER ORDERED that the Department of Labor and Industry is and shall be temporarily enjoined from asserting state building code jurisdiction within the "donut areas" of the Municipal Defendants.

IT IS FURTHER ORDERED that the portion of the Attorney General Opinion No. 49-011 which opines that the Municipal Plaintiffs have lost municipal code jurisdiction over their respective "donut areas" as of May 1, 2001, is stayed.

IT IS FURTHER ORDERED that, pursuant to § 27-19-301, MCA, the Defendants shall SHOW CAUSE on December 11 at 9 o'clock a.m., either in person before this Court or in writing, at the option of the Defendants, why a Preliminary Injunction should not issue, enjoining the conduct described above, until such time as the merits of the Plaintiffs' Petition can be fully briefed by all parties and decided by this Court. The Defendants shall advise this Court and the Plaintiffs no less than seven (7) days prior to said show cause date, whether they intend to proceed in person or in writing.

UPON CONCLUSION of the SHOW CAUSE proceedings, this Court shall issue a briefing schedule, advising the parties of the deadlines for the filing of their briefs directed to the substantive issues raised in this matter.

THE CLERK OF THIS COURT is directed to serve this Order upon counsel for the Plaintiffs, and upon Mike McGrath, Attorney General for the State of Montana, Eric Fehlig, Montana Department of Labor and Industry, Dennis Paxinos, Attorney for Yellowstone County, Marty Lambert, Attorney for Gallatin County, Thomas Esch, Attorney for Flathead

8

County, and Fred Van Valkenburg, Attorney for Missoula County.

DATED this ⏤ day of November, 2001.

_____  Chief Justice
*Patricia Cotter*

_____
*Jim Regnier*

_____
*W. William Leaphart*

_____
*Jim Rice*

_____
                                          Justices

Chief Justice Karla M. Gray dissents from the Court's order.