DA 22-0707

FILED

06/18/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0707

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2024 MT 130N

SCOTT AND PAMELA BYE;
KOREY AND WENDY FAUQUE;
BUTCH AND DOREEN GILLESPIE;
WAYNE AND ROXY GILLESPIE; and
JOHN DOES 1, 2, 3, 4,

       Plaintiffs and Appellees

  v.

SOMONT OIL COMPANY, INC.

       Defendant and Appellant.

APPEAL FROM:     District Court of the Ninth Judicial District,
In and For the County of Toole, Cause No. DV-20-018
Honorable Kaydee Snipes Ruiz, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Gregory J. Hatley, Stephanie A. Hollar, Davis, Hatley, Hafferman & Tighe, P.C., Great Falls, Montana

      For Appellees:

          Hertha L. Lund, Christopher T. Scoones, Ben F. Stormes, Lund Law, PLLC, Bozeman, Montana

              Submitted on Briefs:  June 21, 2023

                    Decided:  June 18, 2024

Filed:

_____
             Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It is not precedent and shall not be cited as such. The case title, cause number, and disposition shall be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant Somont Oil Company (Somont) appeals from the November 2022 Amended Order Granting Preliminary Injunction issued by the Ninth Judicial District Court in favor of Plaintiffs Scott and Pamela Bye, Korey and Wendy Fauque, Butch and Doreen Gillespie, and Wayne and Roxy Gillespie (Landowners). We reverse.

¶3 Somont operates oil and natural gas production sites under owned or leased mineral rights in otherwise privately owned ranch and farm lands in the vicinity of Kevin, Oilmont, and Shelby, Montana. Historically, Somont voluntarily maintained fencing around its various oil and gas production facilities (*inter alia* including pump jacks, tank batteries, skim pits, and water evaporation pits) to fence-out livestock and trespassers. In July 2019, a Toole County jury awarded another landowner, (Stene), compensatory damages ($697,671.45) pursuant to § 81-4-103, MCA, for cattle injury or loss caused by Somont's failure to maintain its voluntary facility fencing in accordance with the "legal fence" specifications for livestock containment set forth in § 81-4-101, MCA. *Stene v. Somont*, DV-16-137, Mont. Ninth Judicial Dist. Court. The subject cattle losses resulted from cattle drinking oil-contaminated water from one or more Somont water evaporation pits.

¶4 In the wake of the *Stene* judgment, Somont notified affected surface landowners that it planned to remove its water evaporation pit fencing on the ground that, as manifest in *Stene*, voluntary fencing exposed it to potential strict liability under §§ 81-4-101 and -103, MCA. As an alternative to removal, Somont offered to gift existing evaporation pit fencing to the owners of those properties in return for their assumption of responsibility for fence maintenance. Several other landowners not party to this litigation accepted the offer, but Plaintiff Landowners did not. They instead sued Somont for declaratory judgment, compensatory damages, and injunctive relief enjoining it from removing any of the subject fencing. At the core of those claims, Landowners asserted that Somont had alleged statutory, common law, and contract duties to fence all of its oil and gas production sites to protect Landowners' stock from harm.

¶5 In 2020, after granting Landowners' request for a temporary restraining order pending a hearing on their accompanying request for a preliminary injunction, the District Court conducted a hearing and ultimately granted the requested preliminary injunction enjoining Somont from removing fencing around any of its production facilities on Landowners' properties. Without addressing the distinct disjunctive criteria for issuance of a preliminary injunction under § 27-19-201(1)-(3), MCA (2019-21), or making any particularized findings of fact on the hearing record regarding any of those criteria, the District Court summarily concluded that the "parties' briefing and [hearing] evidence" indicated that the requested preliminary injunction was "proper" based on "[t]he balance of hardships," "irreparable injury[,] and probability of victory after trial." On Somont's

3

interlocutory appeal, we held that the District Court's failure to make particularized findings of fact and conclusions of law regarding any of the alternative criteria for issuance of a preliminary injunction under § 27-19-201(1)-(3), MCA, made it:

> impossible to evaluate how the District Court appraised the Landowners' and Somont's legal theories or how it balanced the interests of the parties, including the hardship Somont might face and any irreparable injury to the Landowners. Without proper findings of fact and conclusions of law, this Court lacks an adequate basis on which to review the District Court's reasoning. . . . [W]e are [thus] unable to determine whether the District Court abused its discretion in granting . . . [a] preliminary injunction under [§ 27-19-201(1), (2), or (3), MCA].

*Bye v. Somont Oil Co., Inc.* (*Somont I*), 2021 MT 271N, ¶ 18, 407 Mont. 2, 497 P.3d 275. We thus reversed and remanded "for the District Court to issue findings of fact and conclusions of law supporting its issuance of the preliminary injunction." *Somont I*, ¶ 19.

¶6    In November 2022, the District Court accordingly issued amended findings of fact, conclusions of law, and an order granting the requested preliminary injunction on the sole basis of § 27-19-201(2), MCA (2019-21) (requiring a showing "that commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant"). In pertinent part, the court found that:

(1)    Landowner Wayne Gillespie testified that poor fencing has already killed one calf and possibly another . . . in March 2020;

(2)    Landowners Gillespie and Bye stated that "well maintained fences are effective at keeping out cattle" and that "they will lose livestock" "if Somont remove[s] its protective fence" because "many of Somont's pits pose a real danger" to cattle;

(3)    area rancher Charles Jansky testified that: (A) "cattle were not usually injured or killed in the evaporation pits" "until the *Stene* case"; (B) "he believed that cattle had gotten through the [Somont] fences 3 dozen times in the last 30

4

years"; (C) "there was an accident 10 or 12 years ago involving a [Gillespie] cow" and the "recent cow's death revealed at the show cause hearing"; and (D) that "he thought removing the fences would make it more likely that cattle will get into the pits" . . . "[d]epend[ing] on how good the rancher [is] who's taking care of [th]em";

(4)     Landowners have thus "produced evidence that removal of the fencing *could* cause even more problems, great injury, or irreparable harm to [them]";

(5)     "losing cattle is a great injury" to Landowners and "losing necessary fencing and potentially replacing existing fencing while awaiting the outcome" of this case "*could* cause great or irreparable injury" to Landowners which "cannot be fully or effectively remedied by compensatory damages"; and

(6)     "[t]here would appear to be minimal hardship for Somont to maintain" its existing evaporation pit fencing "along with [other] fencing it desires to keep in use."

(Emphasis added.)    The District Court thus ultimately found and concluded that Landowners satisfied the criteria specified in § 27-19-201(2), MCA (2019-21).   Somont timely appealed.

¶7     We review district court grants or denials of injunctive relief for a manifest abuse of discretion. *Shammel v. Canyon Resources Corp.*, 2003 MT 372, ¶¶ 11-12, 319 Mont. 132, 82 P.3d 912.  An abuse of discretion occurs if a lower court exercises lawful discretion based on a clearly erroneous finding of material fact, an erroneous conclusion of application of law, or otherwise acts arbitrarily, without conscientious judgment or in excess of the bounds of reason, resulting in substantial injustice. *In re Marriage of Bessette*, 2019 MT 35, ¶ 13, 394 Mont. 262, 434 P.3d 894; *Larson v. State*, 2019 MT 28, ¶ 16, 394 Mont. 167, 434 P.3d 241.  We review conclusions and applications of law de novo for correctness. *Williams v. Zortman Min., Inc.*, 275 Mont. 510, 512, 914 P.2d

971, 972-73 (1996); *Carbon Cnty. v. Union Rsrv. Coal Co.*, 271 Mont. 459, 469, 898 P.2d 680, 686 (1995). A lower court finding of fact is clearly erroneous if not supported by substantial evidence, the lower court clearly misapprehended the effect of the evidence, or, upon our independent review of the record, we are definitely and firmly convinced that the court was otherwise mistaken. *Interstate Prod. Credit Ass'n v. DeSaye*, 250 Mont. 320, 323, 820 P.2d 1285, 1287 (1991). "A manifest abuse of discretion is one that is obvious, evident, or unmistakable." *Shammel*, ¶ 12.

¶8 As pertinent here, a district court has discretion to grant a preliminary injunction only upon a prima facie showing "that commission or continuance of some act during the litigation would produce a great or irreparable injury to the applicant" "*prior to final resolution on the merits.*" Section 27-19-201(2), MCA (2019-21); *Davis v. Westphal*, 2017 MT 276, ¶ 24, 389 Mont. 251, 405 P.3d 73 (citations omitted—emphasis original). Only then is a preliminary injunction proper for the purpose of "preserv[ing] the status quo and minimiz[ing]" the threatened harm. *Davis*, ¶ 24 (citation omitted).[1] At equity, as codified in § 27-19-201(2), MCA (2019-21), "great or irreparable injury" "is a harm or wrong" either:

(1) not fully or effectively remedied by compensatory damages;[2]

---

[1] In the preliminary injunction context, the "*status quo* is generally the last actual, peaceable, [and] uncontested condition preceding the controversy at issue." *Davis*, ¶ 24 (quoting *Porter v. K & S Partnership*, 192 Mont. 175, 181, 627 P.2d 836, 839 (1981)—internal punctuation omitted and emphasis added).

[2] "A statutory or common law remedy may be inadequate to fully or effectively remedy a harm or wrong either due to the nature of the cause of action or the form of relief ordinarily available thereon." *Davis*, ¶ 26 (citation omitted).

6

(2)      in regard to which adequate, non-speculative compensation is difficult to determine; or

(3)      of a recurring or continuous nature such that full and effective redress would otherwise require a multiplicity of successive actions at law.

*Davis*, ¶ 26 (citation omitted). Thus, as noted in *Somont I*, ¶ 17, preliminary injunctive relief is generally *not* available absent a showing that an available compensatory damages remedy will be insufficient to provide complete relief. *Davis*, ¶¶ 26-27 (citations omitted); *Dicken v. Shaw*, 255 Mont. 231, 236, 841 P.2d 1126, 1129 (1992) (economic harm compensable by money damages is generally not "irreparable harm" for purposes of equity analysis under § 27-19-201(2), MCA (2019-21); *Van Loan v. Van Loan*, 271 Mont. 176, 183-85, 895 P.2d 614, 618-19 (1995) (economic harm compensable by money damages generally not "irreparable harm" absent showing of unique circumstances that "would render . . . money judgment ineffectual" such as showing of defendant intent or action "to make" self "judgment proof"). *See also BAM Ventures, LLC v. Schifferman*, 2019 MT 67, ¶¶ 16-18, 395 Mont. 160, 437 P.3d 142 (holding that district court correctly found that ultimate money damages recovery would not adequately compensate applicant for interim cessation of status quo use of disputed prescriptive easement for access to and from applicant's property). Consideration or balancing of the relative equities or burdens attendant to requested preliminary injunctive relief is proper under § 27-19-201(2), MCA (2019-21), only upon the requisite prima facie showing of great or irreparable harm. *Van Loan*, 271 Mont. at 180-82, 895 P.2d at 616-17 (applicant must show "likelihood" of irreparable harm and that "balancing of the equities" favors injunction). *Accord Shammel*, ¶ 17 (quoting *Van Loan*, 271 Mont. at 182, 895 P.2d at 617); *Citizens for Balanced Use v.*

*Maurier*, 2013 MT 166, ¶¶ 23-28, 370 Mont. 410, 303 P.3d 794 (holding that court erroneously granted preliminary injunction under § 27-19-201(2), MCA (2019-21), upon "balancing of the equities" "even though [applicant] failed to demonstrate likelihood of irreparable injury" absent injunction).

¶9 Here, as a matter of law, and as reflected in Landowners' asserted claims for relief, the risk of future cattle loss that "could" result from Somont's planned removal of its voluntary water evaporation pond fencing on Landowners' respective properties is compensable by money damages upon showing of the asserted statutory, common law, and/or contract duties of care, and accompanying proof of breach, causation, and damages. In that regard, Landowners made no evidentiary showing that any such economic loss would be extraordinarily difficult to determine or prove. Nor have they made any evidentiary showing that any such compensable loss would likely be of such a recurring or continuous nature in the limited time prior to final disposition to either preclude or impair full monetary compensation or require a multiplicity of successive lawsuits. Thus, the District Court's ultimate finding, that Landowners produced evidence that removal of the subject Somont fencing "could cause great or irreparable injury," as defined in *Davis*, ¶ 26, is clearly erroneous. As an even more fundamental matter, moreover, the Court's essential finding that removal of the subject fencing "*could* cause great or irreparable injury" (emphasis added) is an expressly speculative finding that falls short of the § 27-19-201(2), MCA (2019-21), requirement for a prime facie showing, and corresponding finding, of a

8

*likelihood* of the asserted harm. *See Davis*, ¶ 24; *Shammel*, ¶ 17 (quoting *Van Loan*, 271 Mont. at 182, 895 P.2d at 617).

¶10 Landowners alternatively assert that the requested preliminary injunction was nonetheless warranted under § 27-19-201(1) or (3), MCA (2019-21) (showing that applicant is "entitled to the relief demanded" or that "adverse party is doing or threatens or is about to do or is procuring or suffering to be done some act in violation of the applicant's rights . . . tending to render" an ultimate successful "judgment ineffectual"). In the context of our remand instruction, and the District Court's sole focus on § 27-19-201(2), MCA (2019-21), Landowners thus essentially assert that the court erroneously failed to grant the requested injunction under § 27-19-201(1) or (3), MCA (2019-21). They have not demonstrated, as a matter of law or prima facie fact, however, that Somont has an affirmative legal duty to fence their subject evaporation ponds, apart from liability to compensate for any non-speculative harm caused by a breach of an applicable legal duty of care. *See* § 27-19-201(1), MCA (2019-21). Nor have they made a prima facie showing that Somont "is doing[,]" threatening, or "about to do or is procuring or suffering to be done some act in violation of the applicant's rights" *that would* "*tend*[] *to render" an ultimate successful "judgment ineffectual.*" *See* § 27-19-201(3), MCA (2019-21) (emphasis added).

¶11 This case is decided by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. For the foregoing reasons, we hold that the District Court manifestly abused its discretion in granting Landowners the subject preliminary injunction.

The District Court's November 2022 Amended Order Granting Preliminary Injunction is hereby reversed, and this matter is remanded for adjudication of Landowners' other asserted claims in the ordinary course.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE